## (October 9, 1962)

■ WILLIAM JONES, Respondent, v. MERIT TRUCK RENTING CORP., Now Known as RENTWAYS TRUCK RENTAL SERVICE Co., Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered May 1, 1962 in New York County, which granted a motion by plaintiff for an order restoring the case to the Ready Day Calendar after it had been discontinued.

MEMORANDUM BY THE COURT. Order, entered on May 1, 1962, granting plaintiff's motion to restore the case to the Ready Day Calendar affirmed, without costs. The question posed is whether trial counsel — or indeed even an attorney of record — may discontinue an action "with prejudice" without first having obtained the authority of his client. We might mention here that the testimony given before the Referee to the effect that there was no consent to such discontinuance was uncontroverted. While it is true that an attorney in charge of the trial of a case has a right to discontinue, he may not discontinue in such manner as would "conclude the client in relation to the subject in litigation without his consent" (Barrett v. Third Ave. R. R. Co., 45 N. Y. 628, 635). There is no question but that an attorney — whether it be an attorney of record or trial counsel — may not settle a case without the authority of his client (Barrett v. Third Ave. R. R. Co., supra). If an attorney has no right to settle a case without his client's authority, a fortiori, he should have no right to discontinue the cause of action in such a manner as would conclude his client's rights. It is quite true that the defendant's counsel was put at a disadvantage because had the court not granted the request of plaintiff's counsel to discontinue "with prejudice", the attorney for the defendant could have pressed for a dismissal. However, counsel for the defendant could have resisted the motion as made unless there was a showing of authority. If upon such objection the motion were denied he could then have

asked for a dismissal, but such dismissal would not be on the merits (Civ. Prac. Act, § 482; *Weisinger* v. *Berfond*, 9 N Y 2d 742; *Greenberg* v. *De Hart*, 4 N Y 2d 511; see, for effect of such discontinuance on operation of Statute of Limitations, Civ. Prac. Act, § 23). Accordingly, the stipulation of discontinuance must be disregarded. The relief asked for by the plaintiff was to restore the case to the calendar. Of course, that motion should only have been granted upon a proper showing of merit. While it is true that the affidavit of merits leaves much to be desired, it still sets forth sufficient to justify restoration. The plaintiff's position is that the accident was caused by defective brakes. Despite the fact that he might have some difficulty in the proof of the case, that in and of itself does not render insufficient his showing of merit. The driver of the truck made inconsistent statements as to the cause of the accident. One of these statements, if accepted, could support plaintiff's claim. The fact that there were inconsistent statements made does not render insufficient the showing of merit.

STEUER, J. (dissenting). Defendant appeals from an order of Special Term which confirms the report of an Official Referee and restores the case to the calendar. The action is in negligence and arises out of an accident that occurred in February, 1955. When the case was assigned for trial, plaintiff's counsel appeared in court without the plaintiff and without any witnesses. He offered to discontinue the action with prejudice, and an order to that effect was entered. It appears that counsel took the step advisedly, believing plaintiff to have no cause of action. It is now claimed that he was merely trial counsel and lacked authority to take this step. The description "trial counsel" is a misnomer. This attorney had full charge of the case from its inception, drawing the pleadings, conducting all pretrial steps and advising and consulting with plaintiff. There was no restriction on his management of the case with the exception that his subordinates, as distinct from himself, were not to consent to a settlement without consulting the attorney of record. It further appears that the client's absence was either deliberate or the result of a mistake but, if the latter, no claim to that effect was made, nor any request for an adjournment.

As for the claim of lack of authority, it is not supported. The counsel who appeared for plaintiff had all the authority that an attorney of record would have, as that in reality was his relationship. Furthermore, he was in a position where his alternatives were dismissal or discontinuance. The fact that he selected the latter should not give plaintiff any greater rights than if he selected the former. Defendant could neither refuse the discontinuance nor object to it. No question is involved of the plaintiff being prejudiced by an unauthorized act of his counsel. He would have been in no better position had counsel proceeded to certain defeat. Had this happened, any claim that he might have had would have been lost and his remedy, if any, would be solely against his counsel for failure to represent him properly. Under such circumstances, the claim of lack of authority has no substance.

Lastly, as might be anticipated in a situation of this sort, the affidavit of merits leaves much to be desired.

The order should be reversed and the case stricken from the calendar.

Breitel, J. P., Rabin and Valente, JJ., concur in Memorandum; Steuer, J., dissents in opinion, in which Eager, J., concurs.

Order, entered on May 1, 1962, granting plaintiff's motion to restore the case to the Ready Day Calendar affirmed, without costs.