[746 NYS2d 296]

ALLEN SKOLNICK, Appellant, v HARVEY GOLDBERG, Respondent. STEPHEN W. SCHLISSEL, Nonparty Appellant.

First Department, August 22, 2002

**APPEARANCES OF COUNSEL**

*Bernard S. Meyer* of counsel (*Meyer, Suozzi, English & Klein, P.C.,* attorneys), for appellant and nonparty appellant.

*Eli Uncyk* of counsel (*Jeffrey S. Kofsky* on the brief; *Uncyk, Borenkind & Nadler, L.L.P.,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Central to this dispute is the propriety of the sale of business interests, purportedly valued at some $50,000,000, for the nominal sum of $2,000,000. It is alleged by the estate of Nathaniel Colby that appellant Allen Skolnick abused his personal relationship with decedent, taking advantage of Colby's diminished mental capacity to obtain his signature on a 1990 purchase agreement, by which appellant acquired more than one half of Colby's interest in the various entities comprising the Solgar vitamin enterprise. Counsel for the administrator of the estate informs the Court that appellant subsequently sold Solgar to American Home Products for $425,000,000, receiving some $221,000,000 for his personal holdings.

At issue on this appeal was an order dismissing the complaint in this declaratory judgment action brought by appellant against Ruth Goldberg, the preliminary executrix of the Nathaniel Colby estate, in her individual capacity. This Court affirmed the order of dismissal and awarded costs to respondent. The declaratory judgment action was based on a clause in the purchase agreement that provides indemnification to appellant by Colby or his "estate, executors, representatives and assigns" for any expenses incurred in defending a lawsuit (including any resulting judgment) claiming that the value of the interest purchased exceeds the $2,000,000 sale price. The question remaining is whether the appeal from the order of dismissal is frivolous within the meaning of Rules of the Chief Administrator of the Courts part 130 (22 NYCRR part 130). To that end, this Court, sua sponte, requested the parties to address whether sanctions should be imposed against appellant Skolnick and his counsel pursuant to the provisions of 22 NYCRR 130-1.1.

Respondent executor of the estate of Ruth Goldberg argues that the appeal is frivolous within the meaning of 22 NYCRR 130-1.1 (c) (1) and (2) that, respectively, provide for the imposition of sanctions where conduct is "completely without merit in law" and "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another." In response, appellant Skolnick argues that, Estates, Powers and Trusts Law § 11-4.1 notwithstanding, an executor or personal representative is individually liable for misconduct

in the discharge of official duties and, therefore, the prosecution of the action against the former preliminary executrix of the estate, in her personal capacity, finds support in law (*see,* Estates, Powers and Trusts Law § 11-4.7 [b]). Therefore, he argues, the declaratory judgment action was not undertaken solely for purposes of harassment and delay.

It should be immediately apparent that the indemnification provision relied upon as the predicate for the declaratory judgment action is unenforceable. Particularly, it is unenforceable against the named defendant because she is not a signatory to the agreement (General Obligations Law § 5-701 [a] [2]).

A party to a contract cannot, merely by manipulation of its terms, deprive the courts of the powers derived from common law to exercise oversight for the purpose of preventing abuse. In the application of their equitable powers, the courts may rectify any detriment that results from a party's material change of position as the consequence of fraud, mutual mistake, incapacity, overreaching or similar grounds by restoring the parties to the status quo ante. Central considerations to the issue of overreaching are the nature of the relationship between the parties, the disparity between the consideration received and the fair value of the contract and any knowledge by the overreaching party of the incapacity of the party who sustains detriment (*see, Ortelere v Teachers' Retirement Bd.,* 25 NY2d 196, 204-205; *Cundick v Broadbent,* 383 F2d 157, 163-164, *cert denied* 390 US 948).

Without passing on the merits of the Colby estate's claims, prosecuted in a companion action against appellant Skolnick, it is apparent why he might seek to preclude examination into these matters. Regarded in this context, the clause relied upon is nothing more than a transparent attempt to deter judicial inquiry into the circumstances surrounding appellant's purchase of Colby's interest in the Solgar entities. The clause is an in terrorem provision; the device employed is intimidation, the direct consequence of the attempt to expose his preliminary executrix and former guardian of his property to individual liability for any success she might achieve in obtaining adequate consideration for the interests conveyed by Colby to appellant.

Furthermore, while nominally directed at an individual, appellant's suit was calculated to interfere with the performance of duties undertaken in a representative capacity. If sanctions are appropriate where intimidation is utilized against an adversary, they are doubly warranted when intimidation is

employed against a duly appointed officer of the court in an attempt to dissuade her from using powers conferred by statute to perform her official duties. In this case, the protection afforded by a court acting in loco parentis has been threatened by the intimidation of the guardian of an incompetent person, designed to deter her from protecting the very property she was appointed to conserve. Interference with the conduct of judicial functions will not be tolerated.

Appellant's one attempt to justify his suit against the executrix in her individual capacity is the contention that she is personally liable for wrongful acts pursuant to statute. That statement is true only in the narrowest sense and under circumstances not present in this case. Personal liability is restricted to misconduct involving misuse of estate property, including torts and self-dealing (Estates, Powers and Trusts Law § 11-4.7 [b]). No viable legal argument can be made to support exposing the fiduciary to liability for taking legitimate action to recover estate property.

Some other points are worthy of mention. The Skolnick action was unnecessary; any and all claims asserted in his declaratory judgment action could have been raised by way of defense in the action brought on behalf of the estate. The action was commenced in Nassau County, requiring unnecessary motion practice to transfer the matter to New York County. The action was commenced against the wrong party; that is, it was directed at the executrix, individually, rather than in her representative capacity (Estates, Powers and Trusts Law § 11-4.1) and instead of being asserted against the estate (Estates, Powers and Trusts Law § 11-3.1).

This Court concludes that the subject declaratory judgment action was devoid of merit (22 NYCRR 130-1.1 [c] [1]), and that the appeal from the order dismissing the action served no purpose other than harassment and delay (22 NYCRR 130-1.1 [c] [2]). The appropriate remedy for maintaining a frivolous appeal under these circumstances is the award of costs in the amount of the reasonable attorneys' fees incurred in responding to the appeal (22 NYCRR 130-1.2).

Accordingly, this matter is remanded to Supreme Court for a determination of the amount of such fees and entry of the appropriate judgment as against appellant Skolnick.

SULLIVAN, J.P., ROSENBERGER, RUBIN, FRIEDMAN and MARLOW, JJ., concur.

Sanctions imposed pursuant to Rules of the Chief Administrator of the Courts part 130, for frivolous conduct in prosecut-

ing plaintiff's recent appeal, and the matter remanded to Supreme Court for a determination of the amount of reasonable attorneys' fees incurred in responding to the appeal and entry of the appropriate judgment as against plaintiff-appellant.