■ LAWRENCE X. CUSACK, III, et al., Appellants, v 60 MINUTES DIVISION OF CBS, INC., et al., Respondents. [749 NYS2d 242] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about June 20, 2001, and judgment, same court and Justice, entered August 10, 2001, which, inter alia, granted defendants-respondents' motion for summary judgment and dismissed the complaint as against them, unanimously affirmed, with costs. Defendants are also awarded reasonable attorneys' fees on the appeal, pursuant to 22 NYCRR 130-1.1, and the matter is remanded for a hearing to ascertain the amount thereof and for entry of judgment in that amount against plaintiff Lawrence X. Cusack, III and in favor of defendants.

While the federal determination that the so-called JFK Papers are not authentic (see United States v Cusack, 66 F Supp 2d 493, affd 229 F3d 344, habeas corpus petition denied 2001 WL 1568808, 2001 US Dist LEXIS 20358 [SD NY Dec. 10, 2001]) does not collaterally estop the present plaintiffs, other than Cusack, from litigating the issue of the papers' authenticity, the present action of the nonestopped plaintiffs was nonetheless properly dismissed since the record demonstrates overwhelmingly that the papers in question are forgeries and plaintiffs have failed to raise any issue of fact to the contrary. Having failed to raise any triable issue as to the authenticity of the subject documents, the nonestopped plaintiffs have no sustainable claim of damages attributable to the complained-of broadcast; their damages are entirely attributable to the circumstance that the papers purchased by them are demonstrably inauthentic (see SRW Assoc. v Bellport Beach Prop. Owners, 129 AD2d 328). In any event, plaintiffs' causes of action are unsustainable for numerous additional reasons, and there can be no need for additional discovery. We have considered all of plaintiffs' remaining arguments and find them unavailing.

An award of costs pursuant to 22 NYCRR 130-1.1 against plaintiff Lawrence Cusack is appropriate, since he has refused to discontinue a completely meritless action despite numerous prior adverse determinations (see Skolnick v Goldberg, 297 AD2d 18; and see e.g. Murray v National Broadcasting Co., 214 AD2d 708, 711-712). Concur—Nardelli, J.P., Mazzarelli, Saxe and Marlow, JJ.