■ COASTAL OIL NEW YORK, INC., Respondent, v DIVERSIFIED FUEL CARRIERS CORP. et al., Defendants, and JAMES K. SMITH, Appellant. [756 NYS2d 207] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered August 16, 2002, awarding plaintiff damages against defendant-appellant, and bringing up for review an order, same court and Justice, entered July 9, 2002, which, in an action on defendants'

guarantees of the corporate defendant's obligations to plaintiff, inter alia, (1) granted plaintiff's motion for leave to settle an order of the same court (Walter Schackman, J.), entered May 1, 1995, granting plaintiff's motion for a default judgment against appellant, and (2) denied appellant's cross motion to dismiss the action or, in the alternative, insofar as appealable, to renew the May 1, 1995 order, unanimously affirmed, with costs. Appeal from the aforesaid order of July 9, 2002, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

If, as appellant argues, the confession of judgment that he gave plaintiff in September 1996 is unenforceable because it was not filed within three years (*see* CPLR 3218 [b]; *but see* CPLR 2004), then the stipulation of settlement signed in February 1996, pursuant to which the confession was given, should be rescinded for a failure of consideration due to mutual mistake, and the parties returned to the status quo immediately prior to the stipulation. The stipulation, which provided that the confession was to be held in escrow and not filed until the conclusion of a related action to be commenced by defendants in another county, clearly reflects the parties' mutual belief that defendants' confessions could be filed at the conclusion of the contemplated related action. Appellant received the full benefit of that understanding, namely, avoidance of his obligation pending completion of the related action, whereas plaintiff has yet to receive what he bargained for, namely, the expeditious entry of judgment without further litigation upon completion of the related action. Thus plaintiff incurred a detriment warranting equitable relief by forgoing immediate entry of the judgment it was granted against appellant in the May 1, 1995 order (*see Skolnick v Goldberg*, 297 AD2d 18, 20 [2002]). Rescission of the stipulation of settlement constitutes "good cause" for the late settlement of the May 1, 1995 order (22 NYCRR 202.48 [b]) and "sufficient cause" for the late entry of the default judgment (CPLR 3215 [c]). Appellant's motion to renew the May 1, 1995 order was properly denied for failure to specify any new evidence (CPLR 2221 [e] [2]), and denial of reargument is not appealable. Concur—Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.