■ LORENTZ W. HANSEN, Appellant, v KATHLEEN L. WERTHER, Individually and as a Member of DONOHUE, SABO, VARLEY & ARMSTRONG, P.C., et al., Respondents. [767 NYS2d 702]—

Mercure, J.P. Appeal from an order of the Supreme Court (Sheridan, J.), entered October 17, 2002 in Albany County, which granted defendants' motion to dismiss the complaint.

In a prior action arising out of plaintiff's real property transactions, plaintiff and another party asserted claims of malpractice and violation of Judiciary Law § 487 against John Caffry, an attorney. This Court ultimately affirmed the dismissal of the complaint (*Hansen v Caffry*, 280 AD2d 704 [2001], *lv denied* 97 NY2d 603 [2001]). Plaintiff then commenced this action against defendants, who represented Caffry. Plaintiff alleges that defendant Kathleen L. Werther "colluded and conspired" against him by making false representations to Supreme Court in the malpractice action, thereby violating Judiciary Law § 487 and attorney disciplinary rules. Supreme Court granted defendants' motion to dismiss the complaint for failure to state a cause of action* and plaintiff now appeals.

We affirm. It is undisputed that plaintiff was aware of the alleged misconduct at the time of the prior action. Thus, even assuming that defendants misrepresented facts to Supreme Court in obtaining summary judgment dismissing the complaint in the prior action, plaintiff's remedy "lies exclusively in that lawsuit itself . . . not a second plenary action collaterally attacking the judgment in the original action" (*Yalkowsky v*

* Supreme Court subsequently sanctioned plaintiff in the amount of $5,000 for pursuing a frivolous lawsuit.

*Century Apts. Assoc.*, 215 AD2d 214, 215 [1995]; *see Curtis v Scherer*, 261 AD2d 158, 159 [1999], *lv denied* 93 NY2d 815 [1999]). Moreover, as defendants assert, the record simply contains no evidence to support plaintiff's claims of false representations and misconduct by defendants in the prior action or that plaintiff suffered any damages. Therefore, even accepting plaintiff's assertion that he seeks additional relief pursuant to Judiciary Law § 487—as opposed to merely challenging the dismissal of the complaint in the prior action—we conclude that he has failed to state a cause of action (*see Yalkowsky v Century Apts. Assoc., supra* at 215; *Lazich v Vittoria & Parker*, 189 AD2d 753, 754 [1993], *appeal dismissed* 81 NY2d 1006 [1993]).

Turning to defendants' request for sanctions, we note that the express request for the imposition of sanctions in connection with this appeal provided plaintiff with sufficient notice that such relief would be considered by this Court. Thus, plaintiff was given a reasonable opportunity to be heard within the meaning of 22 NYCRR 130-1.1 (d) (*see De Ruzzio v De Ruzzio*, 287 AD2d 896, 897 [2001]). In our view, plaintiff's conduct in taking this appeal is frivolous inasmuch as his arguments are completely without merit (*see* 22 NYCRR 130-1.1 [c] [1]) and the appeal could have been brought only to further harass defendants (*see* 22 NYCRR 130-1.1 [c] [2]; *Skolnick v Goldberg*, 297 AD2d 18, 21 [2002]; *De Ruzzio v De Ruzzio, supra* at 897-898). In light of plaintiff's history of frivolous conduct in this and related actions and Supreme Court's imposition of a $5,000 sanction payable by plaintiff to the Lawyers' Fund for Client Protection, we consider the appropriate remedy to be an award to defendants of costs in the amount of reasonable counsel fees incurred in responding to this appeal (*see Skolnick v Goldberg, supra* at 21). Accordingly, this matter must be remitted to Supreme Court for a determination of the amount of such fees.

We have considered the parties' remaining arguments and conclude that they are either meritless or rendered academic by our decision.

Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs, defendants' request for counsel fees granted and matter remitted to the Supreme Court for a determination of the amount of reasonable counsel fees incurred in responding to this appeal.