■ COUNSEL ABSTRACT, INC. DEFINED BENEFIT PENSION PLAN, Appellant, v JEROME AUTO CENTER, INC., Respondent, et al., Defendants. [805 NYS2d 14]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 20, 2004, which, inter alia, granted the cross motion of defendant Jerome Auto Center, Inc. (Jerome) for an order dismissing the action for failure to enter a default judgment within one year, and canceled and discharged the mortgage of record, unanimously affirmed, without costs.

Following defendant Jerome's failure to repay the principal amount of $190,000 due on September 9, 1991, the maturity date of the mortgage, plaintiff demanded payment and timely commenced this foreclosure action on or about March 19, 1993. Defendant mortgagor did not appear in answer to the complaint. However, in May 1993, Jeffrey Rosner, identified as Jerome's accountant, entered into a "Share Ownership Agreement" with plaintiff mortgagee, at which time Rosner purchased a $50,000 interest in the mortgage. In return for Rosner's "periodic payments of equity interest in said mortgage," plaintiff agreed that this action "shall be stayed so long as payments are made" and that, upon an additional payment of $50,000, "the mortgage shall be extended to December 31, 1995." Although no mortgage extension agreement was ever executed between plaintiff and Jerome, Rosner made payments totaling $110,000 before the purported extended maturity date. All payments were made from Rosner's personal checking account, and subsequent correspondence between counsel indicates that plaintiff considered its interest in the mortgage to have been reduced to $80,000 as the result of Rosner's payments. The parties do not dispute that Jerome subsequently made a single payment in an unspecified amount on January 1, 1997.

Jerome's motion to dismiss this foreclosure action, interposed in June 2004 in response to plaintiff's motion to enter a default judgment, was properly granted. Plaintiff has failed to make the necessary showing to preclude dismissal of the complaint for abandonment (see CPLR 3215 [c]; Perricone v City of New York, 62 NY2d 661 [1984]). The subject mortgage matured under its terms in 1991. The agreement by Jerome's alleged accountant to invest in the mortgage, whatever its purpose, is not binding on Jerome, which is a stranger to that contract (General Obligations Law § 5-701 [a] [2]; Skolnick v Goldberg, 297 AD2d 18, 20 [2002]). No agreement by defendant to extend either the mortgage or the time within which to file judgment was ever secured (see CPLR 2104; Martini v Rogers, 6 AD3d 404 [2004]).

A single mortgage payment, nearly four years after this action was commenced and seven years before the motion to enter judgment by default was interposed, is hardly a basis to excuse plaintiff's neglect of this action. Neither do the informal settlement discussions that followed in 1998 nor the request by Jerome's attorney for a payoff letter in January 2003 suffice to excuse well over a decade of delay by plaintiff (*see Monzon v Sony Motor*, 115 AD2d 714 [1985] [excuse arising after one-year statutory limit legally insufficient]; *cf. Pappoe v Custodio*, 156 AD2d 211 [1989]). Because no factual comparison is possible, plaintiff's reliance on the Second Department's ruling in *First Nationwide Bank v Pretel* (240 AD2d 629 [1997] [delay excused by "settlement discussions"]) is unavailing and, to the extent that the decision may be read to the contrary, we decline to follow it.

We accord no significance to Jerome's commencement, in 2003, of a separate action to cancel and discharge the mortgage, the dismissal of which is intimated by plaintiff to reflect the continued viability of the instrument. The discharge action was dismissed on the ground that the instant action was still pending (CPLR 3211 [a] [4]), not on the merits. A party may bring an action to establish "the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001), and a defect in the form of the proceedings—here, the commencement of an unnecessary action—is subject to the court's power to "make whatever order is required for its proper prosecution" (CPLR 103 [c]). Plaintiff concedes the mortgage discharge action has no res judicata effect, and it advances no grounds for application of the doctrine of collateral estoppel (*see Buechel v Bain*, 275 AD2d 65, 69 [2000], *affd* 97 NY2d 295 [2001], *cert denied* 535 US 1096 [2002]).

Had plaintiff wished to reserve its rights under the mortgage instrument, it had only to enter into a forbearance agreement or mortgage extension agreement with the mortgagor. In sum, plaintiff has failed to demonstrate that Jerome indulged in any conduct that induced reasonable reliance on its repayment of the mortgage principal so as to excuse plaintiff's inordinate delay in moving to enter judgment (*cf. Coastal Oil N.Y. v Diversified Fuel Carriers Corp.*, 303 AD2d 251 [2003], *lv denied* 100 NY2d 512 [2003]). Concur—Tom, J.P., Saxe, Nardelli, Catterson and Malone, JJ.