■ In the Matter of COUNTRY ESTATE MAINTENANCE COMPANY, INC., et al., Respondents, v BOARD OF EDUCATION OF CHARLOTTE VALLEY CENTRAL SCHOOL DISTRICT, Appellant, et al., Respondents. [824 NYS2d 782]—

Rose, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered September 19, 2005 in Delaware County, which, inter alia, granted petitioners' application, in a proceeding pursuant to CPLR article 78, to compel a refund of certain real property taxes paid by petitioners.

As the result of a stipulation and order entered in a tax assessment review proceeding, petitioners became entitled to a refund of certain real property taxes. When the Charlotte Valley Central School District declined to refund the school taxes covered by the order, petitioners commenced this CPLR article 78 proceeding to compel the refund. In its answer, respondent Board of Education of Charlotte Valley Central School District (hereinafter respondent) denied having received a copy of the petition in the tax assessment review proceeding as required by RPTL 708 (3). At oral argument before Supreme Court, respondent's counsel also asserted that he had inspected the County Clerk's file and found that no proof of mailing of the tax review petition had been filed. In response, petitioners' counsel handed up a copy of the proof of mailing, claimed that it had been duly filed and speculated that the Clerk may have misfiled it. Supreme Court granted the petition and, finding respondent's arguments to be frivolous, awarded costs and counsel fees to petitioners. Respondent appeals.

Inasmuch as petitioners did not establish that they had timely filed proof of mailing as required by RPTL 708 (3), we find merit in respondent's argument that Supreme Court erred in enforcing the stipulated order for the year at issue. Although petitioners ultimately provided a copy of the proof of mailing and a copy of a legal assistant's cover letter purporting to transmit the original to the Clerk for filing, they did not submit an affidavit of filing either initially or after respondent's counsel asserted that there was no proof of mailing in the County Clerk's file. Since filing is required by RPTL 708 (3) and the failure to timely file may only be excused upon good cause shown (*see Matter of Younan v City of Rome Assessor*, 256 AD2d 1122 [1998]), Supreme Court erred in granting petitioners' application without first requiring them to either provide an affidavit of timely filing or show good cause to excuse them from doing so. Thus, the matter must be remitted for a determination of whether petitioners complied with the statutory filing requirement or can show good cause for failure to comply.

In light of this and the fact that no proof of mailing was provided to respondent or Supreme Court until oral argument of the petition, we also agree that respondent's opposition here

had a legal basis. Thus, it was not frivolous and an award of sanctions was inappropriate (*see* 22 NYCRR 130-1.1 [c] [1]; *Marine Midland Bank v Vivlamore*, 185 AD2d 506, 508 [1992]). We have considered respondent's remaining contentions and find them to be without merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.