■ In the Matter of MANUFACTURERS AND TRADERS TRUST COMPANY, as Trustee of Securitization Series 1988-1 Agreement Dated 3-1-1998, Respondent, v ROBERT S. MYERS et al., Appellants. [830 NYS2d 831]—

Rose, J. Appeal from an order of the County Court of Tompkins County (Sherman, J.), entered May 3, 2006, which, inter alia, in a proceeding pursuant to RPAPL article 7, partially granted petitioner's motion for summary judgment.

After successfully prosecuting a mortgage foreclosure action against respondents and purchasing the subject property at the foreclosure sale, petitioner commenced this proceeding to obtain possession of the property pursuant to RPAPL 713 (5). Ultimately, Town Court denied petitioner's summary judgment motion and effectively dismissed the proceeding, concluding that respondents' alleged tender of a promissory note to petitioner shortly before the foreclosure sale constituted payment in full satisfaction of the judgment. Upon petitioner's appeal, County Court reversed Town Court's ruling and granted possession to petitioner. Because we agree with petitioner that respondents' arguments on their appeal of County Court's decision are completely without merit (*see* 22 NYCRR 130-1.1 [c] [1]) and serve no purpose other than to further delay the resolution of this litigation (*see* 22 NYCRR 130-1.1 [c] [2]), we find them to be frivolous and affirm County Court's order.

Respondents' contention that the promissory note constituted payment of the mortgage debt disregards the well-settled rule that a mere promise to pay, absent an express agreement to the contrary, does not discharge a preexisting debt (*see Federal Natl. Mtge. Assn. v McAuliffe*, 226 AD2d 497, 498 [1996]; *Home & City Sav. Bank v Sperrazza*, 204 AD2d 836, 836-837 [1994]; *Bank of New York v Cerasaro*, 98 AD2d 902, 903 [1983]; *Skaneateles Sav. Bank v Herold*, 50 AD2d 85, 88-89 [1975], *affd* 40 NY2d 999 [1976]). Respondents do not argue any agreement to the contrary. The only authority that they cite in support of their claim is an unsigned copy of an affidavit apparently taken

from the record of an unrelated judicial proceeding in Michigan. It purports to be by an expert who merely opines that since the United States went off the gold standard in 1933, instruments of credit have played the role of money under certain circumstances not relevant here.

Equally frivolous are respondents' contentions that petitioner failed to establish its ownership of the property following the foreclosure sale and that petitioner is merely a sham or a front for a mortgage servicing agent. Petitioner established its ownership by submitting a copy of the referee's deed (*see* CPLR 8021 [e]; 4540 [b]). Also, in the absence of any showing by respondents that the mortgage servicing agent has some interest in the property, its relationship with petitioner is wholly irrelevant.

Perhaps the best evidence of respondents' purpose to delay and prolong this litigation is a UCC-1 financing statement which respondent Robert S. Myers filed after entry of the foreclosure judgment. The statement inexplicably names Myers as both the debtor and the secured party, thereby casting considerable doubt on its effectiveness. Moreover, it cannot constitute a lien upon the real property which would preclude petitioner's possession because such statements create a security interest in personal property only and do not affect "the creation or transfer of an interest in or lien on real property" (UCC 9-109 [d] [11]; *see e.g. Badillo v Tower Ins. Co. of N.Y.*, 92 NY2d 790, 794 [1999]; *In re Nittolo Land Dev. Assn., Inc.*, 333 BR 237, 240 [SD NY 2005]). Finally, even if the financing statement were effective to perfect a security interest, it would affect only the priority of that interest over subsequent or unsecured creditors (*see e.g.* UCC 9-317, 9-322; *Matter of Chase Manhattan Bank [N.A.] v State of New York*, 48 AD2d 11, 13-14 [1975], *affd* 40 NY2d 590 [1976]), and petitioner is neither.

The reiteration of these frivolous arguments, despite County Court's sound determination of the issues, warrants an award of costs as an appropriate remedy to be imposed against respondents and their counsel in the amount of reasonable counsel fees incurred in responding to this appeal (*see Hansen v Werther*, 2 AD3d 923, 924 [2003]; *Skolnick v Goldberg*, 297 AD2d 18, 21 [2002]). Accordingly, this matter is remitted to County Court for a determination of the amount of such fees (*see Yenom Corp. v 155 Wooster St. Inc.*, 33 AD3d 67, 75 [2006]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs, petitioner's application for counsel fees is granted, and matter remitted to the County Court of Tompkins County for a determination of the amount of reasonable counsel fees not inconsistent with this Court's decision.