■ In the Matter of COUNTRY ESTATE MAINTENANCE COMPANY, INC., et al., Respondents, v BOARD OF EDUCATION OF CHARLOTTE VALLEY CENTRAL SCHOOL DISTRICT, Appellant, et al., Respondents. [856 NYS2d 719]—

Rose, J. Appeal, by permission, from an order of the Supreme Court (Coccoma, J.), entered February 28, 2007 in Delaware County, which, upon remittitur from this Court, among other things, granted petitioners' application, in a proceeding pursuant to CPLR article 78, for an award of counsel fees pursuant to 22 NYCRR 130-1.1.

Petitioners and the Town of Davenport in Delaware County entered into a stipulation to settle a tax assessment review proceeding. Respondent Board of Education of Charlotte Valley Central School District (hereinafter respondent), which was not a party to the proceeding or the stipulation, refused to pay the portion of the tax refund that the settlement had contemplated as its share on the grounds that it had not been served as required by RPTL 708 (3). In response, petitioners commenced this CPLR article 78 proceeding to compel payment. At oral argument in August 2005, petitioners—for the first time—provided respondent with a copy of an affidavit proving service by mail, claiming that it had been filed in compliance with RPTL 708 (3). The copy, however, was not stamped with the date and time of filing, and respondent's counsel advised Supreme Court that the original could not be located in the County Clerk's file. Nor did petitioner produce an affidavit of timely filing. Respondent conceded service at that point, but continued to protest the lack of proof of timely filing as required by RPTL 708 (3). Despite this, Supreme Court granted the petition and, finding respondent's opposition to be frivolous, awarded counsel fees to petitioners pursuant to 22 NYCRR 130-1.1 (c) (1). On appeal, we reversed Supreme Court's order, finding that it was error to grant petitioner's application and to award counsel fees "without first requiring [petitioners] to either provide an affidavit of timely filing or show good cause to excuse them from doing so" (34 AD3d 1162, 1163 [2006]). We remitted the matter to Supreme Court for further proceedings not inconsistent with our decision.

After we handed down our decision, petitioners apparently learned that the original affidavit of service by mail had been in the assigned justice's chambers file all along, and that it bore a date and time stamp indicating timely filing. Petitioners then obtained a copy from Supreme Court and provided it to respondent with their application for a judgment on February 8, 2007, again requesting "sanctions."* Respondent immediately conceded full compliance with RPTL 708 and agreed to pay the refund, objecting only to the request for sanctions. Nonetheless, Supreme Court deemed respondent's delay in conceding "service" to have been undertaken primarily to delay or prolong the litigation and again awarded counsel fees, this time pursuant to 22 NYCRR 130-1.1 (c) (2).

---

* Although petitioners and respondent refer to Supreme Court's award of counsel fees as "sanctions," we note that such fees, when awarded to the opposing party, are considered costs, rather than sanctions, under 22 NYCRR 130-1.1 (a).

Respondent appeals, arguing that Supreme Court confused proof of service with proof of filing, which are two distinct requirements of RPTL 708 (3), and improperly awarded counsel fees because respondent promptly conceded compliance with the statute once it received proof of filing on February 8, 2007. Accordingly, respondent maintains that it was justified in resisting payment until proof of filing was received and, thus, its conduct was not frivolous. We agree. Even though Supreme Court based its finding of frivolous conduct on 22 NYCRR 130-1.1 (c) (2) rather than section 130-1.1 (c) (1), which it had cited in its prior finding, no award of counsel fees was warranted here.

Supreme Court's decision fails to distinguish proof of service from proof of filing, as shown by its measurement of respondent's delay from when proof of service was provided in August 2005, rather than from when respondent received proof of timely filing on February 8, 2007. Since proof of service and proof of filing were both required and the absence of either would be grounds for dismissal of the tax assessment review proceeding (*see* RPTL 708 [3]), or bar enforcement of a judgment (*see Matter of Macy's Primary Real Estate v Assessor of City of White Plains*, 291 AD2d 73, 77-78 [2002], *lv denied* 99 NY2d 502 [2002]), respondent was not shown to have prolonged the proceeding for an improper purpose. Inasmuch as the original affidavit of service bearing the filing stamp was in Supreme Court's possession during the relevant time period and the court failed to bring this fact to respondent's attention even after filing became the critical issue, respondent cannot be faulted for questioning petitioners' compliance with the filing requirement. Moreover, there is no explanation from petitioners as to why they did not simply produce an affidavit of filing when the issue first arose in August 2005. Accordingly, Supreme Court abused its discretion in finding that respondent's conduct was frivolous and in awarding counsel fees (*cf. Matter of Manufacturers & Traders Trust Co. v Myers*, 38 AD3d 965, 965-966 [2007], *lv dismissed* 8 NY3d 1019 [2007]).

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded counsel fees, and, as so modified, affirmed.