Egan Jr., J.
Appeals (1) from an order of the Supreme Court (Flatkin, J), entered February 1, 2012 in Albany County, which, among other things, granted plaintiffs motion for a turnover order, and (2) from an order of said court, entered March 6, 2012 in Albany County, which ordered defendant to pay $5,254.02 to satisfy a judgment in favor of plaintiff.
This appeal has its genesis in defendant’s attempt to recoup $825.55 to which it claims entitlement as a credit against a judgment entered in favor of plaintiff. By way of background, plaintiff provided psychological services to certain of defendant’s insureds who had suffered injuries arising out of no-fault automobile accidents and, in May 2009, plaintiff commenced this action against defendant seeking reimbursement for those services. Following joinder of issue, various motions ensued and, in February 2011, Supreme Court, among other things, granted plaintiff partial summary judgment and entered a judgment in favor of plaintiff for $80,187.27, plus interest, counsel fees and costs. There is no indication in the record that defendant appealed from the order awarding partial summary judgment to plaintiff, moved for reconsideration thereof or sought to vacate the resulting judgment. Instead, defendant only partially satisfied the judgment, contending that it was entitled to various credits against the sum due and owing.
Faced with defendant’s refusal to tender the full amount due, plaintiff thereafter moved for—insofar as is relevant here—a turnover order pursuant to CFLR 5225 seeking to recover the outstanding balance. Defendant opposed the requested relief, contending that it had paid the judgment in full, and submitted checks purportedly reflecting payments made on the outstanding claims. By order entered February 1, 2012, Supreme Court granted plaintiff the requested relief, suggesting that defendant’s proffer of the canceled checks was untimely and, in any event, finding such proof to be insufficient to demonstrate full satisfaction of the judgment. Thereafter, by order entered March 6, 2012, Supreme Court awarded plaintiff $5,254.02, representing the outstanding amount due and owing in full satisfaction *1111 of the prior judgment. Befejndant now appeals, contending that it is entitled to a credit oy $825.55 for payments previously made.[1]
We affirm. Initially, we reject defendant’s assertion that Supreme Court erred in summarily granting plaintiffs application. A summary judgment analysis may be employed where, as here, a party is seeking a turnover order pursuant to CPLR 5225 (a) (cf. Matter of Centerpointe Corporate Park Partnership 350 v MONY, 96 AD3d 1401, 1402 [2012], lv dismissed 19 NY3d 1097 [2012]; Matter of TNT Petroleum, Inc. v Sea Petroleum, Inc., 72 AD3d 694, 695 [2010]; Estate of Giustino v Estate of DelPizzo, 21 AD3d 523, 523 [2005]), and plaintiff made a prima facie showing that—at that point in time—the underlying judgment had not been paid in full. Although defendant tendered various canceled checks in opposition to plaintiffs application and the record indeed reflects a history of partial payments, we agree with Supreme Court that defendant’s submissions in this regard failed to correlate with the dates or amounts of the outstanding claims at issue and, for that reason, were insufficient to raise a question of fact as to its satisfaction of the judgment. Accordingly, Supreme Court properly granted plaintiffs request for a turnover order and directed that defendant pay plaintiff $5,254.02 in full satisfaction of the underlying judgment.
We also are persuaded that defendant’s pursuit of this appeal is frivolous within the meaning of 22 NYCRR 130-1.1 (c) (2) and, therefore, plaintiff is entitled to an award of reasonable counsel fees incurred in responding thereto.[2] To our analysis, once plaintiff was awarded partial summary judgment in February 2011 and secured a judgment in its favor, defendant had several permissible options, such as appealing the underlying order and judgment or paying—in full—the amount awarded to plaintiff. Instead, defendant continued to dispute the sum due by delaying payment, thereby compelling plaintiff to move for the turnover order and, ultimately, to expend resources responding to the instant appeal seeking $825.55. Such conduct, in our view, warrants an award of reasonable counsel fees incurred in responding to this appeal, and this matter is remitted to Supreme Court for a determination of the amount of such fees *1112 (see Matter of Manufacturers & Traders Trust Co. v Myers, 38 AD3d 965, 966 [2007], appeal dismissed 8 NY3d 1019 [2007]; Hansen v Werther, 2 AD3d 923, 924 [2003]). Defendant’s remaining arguments, to the extent not specifically addressed, have been considered and found to be lacking in merit.
Peters, EJ., Spain and Garry, JJ., concur.
Ordered that the orders are affirmed, with costs, plaintiffs request for counsel fees granted and matter remitted to the Supreme Court for a determination of the amount of reasonable counsel fees incurred in responding to this appeal.

. In the interim, according to plaintiff, defendant satisfied the underlying judgment.

. Plaintiffs request in this regard, which is set forth in its appellate brief, “constitute^] sufficient notice [to defendant] that such relief would be considered” (Matter of Levin v Axelrod, 168 AD2d 178, 181 [1991]; see Hansen v Werther, 2 AD3d 923, 924 [2003]).