Kevin Checksfield, Appellant, v Stefan D. Berg, Respondent. [49 NYS3d 205]—

Devine, J. Appeal from an order of the Supreme Court (Cerio Jr., J.), entered May 20, 2015 in Madison County, which, among other things, granted defendant's cross motion to dismiss the complaint.

Plaintiff commenced this legal malpractice action in March 2002, alleging that defendant failed in his responsibility to commence an action on plaintiff's behalf against his former employer. Defendant was served with the summons with notice and complaint in May 2002 and defaulted in appearing. Matters rested there until 2015, when plaintiff moved for a default judgment and defendant cross-moved to dismiss the complaint pursuant to CPLR 3215 (c). Supreme Court granted the cross motion, prompting this appeal by plaintiff.

We affirm. CPLR 3215 (c) provides that, where a "plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (*see CitiMortgage, Inc. v Lottridge*, 143 AD3d 1093, 1094 [2016]; *Aurora Loan Servs., LLC v Gross*, 139 AD3d 772, 773 [2016]). "To establish

'sufficient cause,' the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (*Aurora Loan Servs., LLC v Hiyo*, 130 AD3d 763, 764 [2015] [citations omitted]; *see Micheli v E.J. Builders*, 268 AD2d 777, 779 [2000]).

Assuming without deciding that plaintiff articulated a potentially meritorious claim against defendant, he did not provide a reasonable excuse for his delay in pursuing it. Plaintiff stated his legally unsupported belief that the case was "on indefinite extension" after the attorney who prepared the complaint withdrew from representation. Plaintiff then explained that, after defendant "wouldn't talk" to another attorney he consulted, he embarked upon ill-defined efforts to "check into [defendant's] financials" out of court. Even had these assertions been backed by any competent proof, however, they in no way justify over a decade of procedural inaction on plaintiff's part (*see Counsel Abstract, Inc. Defined Benefit Pension Plan v Jerome Auto Ctr., Inc.*, 23 AD3d 274, 275-276 [2005]; *Monzon v Sony Motor*, 115 AD2d 714, 714-715 [1985]). Thus, in the absence of a reasonable excuse for the delay, Supreme Court properly dismissed the action as abandoned (*see Perricone v City of New York*, 62 NY2d 661, 663 [1984]; *Ohio Sav. Bank v Decaudin*, 129 AD3d 925, 926 [2015]; *Memorial Hosp. v Wilkins*, 143 AD2d 494, 494-495 [1988]).

McCarthy, J.P., Garry, Lynch and Mulvey, JJ., concur. Ordered that the order is affirmed, with costs.