Paulino v Braun (2019 NY Slip Op 01834)





Paulino v Braun


2019 NY Slip Op 01834


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Acosta, P.J., Manzanet-Daniels, Kapnick, Kahn, Oing, JJ.


8706 22499/17E

[*1]Manuel D. Paulino, Plaintiff-Respondent,
v
Menachem Braun, Defendant-Appellant.


Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for appellant.
Gropper Law Group, PLLC, New York (Joshua Gropper of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about June 13, 2018, which, to the extent appealed from, denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff alleges that he sustained a fractured pelvis as a result of defendant's negligent operation of a boat on the Hudson River. Defendant moved to dismiss the complaint on the ground that plaintiff accepted $6,000 in settlement and release of all claims. In opposition, plaintiff submitted an affidavit stating that a claim specialist for defendant's insurer made him the $6,000 offer while he was still recovering from surgery and unable to work, and that, despite his response that it was insufficient, continued to "pressure" him to sign the release until "[f]inally" he "relented." At this posture of the litigation, the evidence of overreaching and unfair circumstances raises an issue of fact as to the validity of the release (see Mangini v McClurg, 24 NY2d 556, 567 [1969]; Sacchetti-Virga v Bonilla, 158 AD3d 783, 784 [2d Dept 2018]; Powell v Adler, 128 AD3d 1039, 1041 [2d Dept 2015]). Both the "nature of the relationship between the parties" that negotiated the release and "the disparity between the consideration received and the fair value" of plaintiff's claim weigh in plaintiff's favor (see Skolnick v Goldberg, 297 AD2d 18, 20 [1st Dept 2002]).
Defendant's contention that plaintiff ratified the release is unpreserved and does not present a pure question of law appearing on the face of the record that may be considered for the first time on appeal (see Nadella v City of New York, 161 AD3d 412, 413 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK