Swanson v Zink Global Media, LLC (2020 NY Slip Op 01005)





Swanson v Zink Global Media, LLC


2020 NY Slip Op 01005


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


11003 154077/17

[*1] Jennifer Swanson, Plaintiff-Respondent,
v
Zink Global Media, LLC, et al., Defendants-Appellants.


Brown Rudnick LLP, New York (Danielle A. D'Aquila of counsel), for appellants.
Frankfurt Kurnit Klein & Selz PC, New York (Wendy Stryker of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert R. Reed, J.), entered February 1, 2019, in favor of plaintiff, and bringing up for review an order, same court and Justice, entered January 14, 2019, which granted plaintiff's motion pursuant to CPLR 2004 to extend the time to file a confession of judgment (CPLR 3218[b]), unanimously affirmed, with costs.
CPLR 2004 provides that a court "may extend the time fixed by any statute . . . for doing any act, . . . upon good cause shown," "[e]xcept where otherwise expressly prescribed by law." CPLR 3218 does not expressly prescribe that the time to file a defendant's affidavit confessing judgment may not be extended (compare CPLR 201; 5514[d]). Accordingly, upon finding that good cause was shown, the motion court properly granted plaintiff's motion for an extension of time to file defendants' confession of judgment (see e.g. Coastal Oil N.Y. v Diversified Fuel Carriers Corp. , 303 AD2d 251 [1st Dept 2003], lv denied 100 NY2d 512 [2003]). Good cause was shown by plaintiff's diligence in attempting to file the confession of judgment in a timely manner and in seeking an order that would permit her to file under seal the confidential settlement agreement upon which the confession of judgment is based and which defendants have consistently refused to place before the court.
We decline to impose sanctions against defendants.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK