**Huang v Port Auth. of N.Y. & N.J.**

2025 NY Slip Op 31531(U)

April 29, 2025

Supreme Court, New York County

Docket Number: Index No. 150432/2022

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. RICHARD TSAI**           PART       21

*Justice*

-------------------------------------------------------------------------------X

ALICE C. HUANG and MATTHEW JANG,

          Plaintiffs,

          - v -

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSIT AUTHORITY, CUSHMAN &
WAKEFIELD REALTY OF MANHATTAN, LLC, COLLINS
BUILDING SERVICES, INC. and CUSHMAN &
WAKEFIELD, INC.,

          Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150432/2022 |
| MOTION DATE | 02/14/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 100-108, 110

were read on this motion to/for      JUDGMENT - SUMMARY      .

       Upon the foregoing documents, it is hereby **ORDERED** that the motion by defendants New York City Transit Authority and Metropolitan Transportation Authority (collectively, the Transit Defendants) for an order 1) granting the Transit Defendants summary judgment, pursuant to CPLR 3212, and dismissing the complaint as against them, and 2) for costs and sanctions as against plaintiffs Alice C. Huang and Mathew Jang, pursuant to 22 NYCRR 130-1.1, "for maintaining frivolous litigation", and 3) granting "such other and further relief as this Court may deem just and proper" is **GRANTED TO THE EXTENT** that the Transit Defendants are granted summary judgment, the complaint is severed and dismissed as against these defendants, with costs and disbursements to said defendants, as taxed by the Clerk upon the submission of an appropriate bill of costs, and the Clerk is directed to enter judgment in favor of these defendants accordingly; and it is further

       **ORDERED** that all cross claims by and against the Transit Defendants are dismissed; and it is further

       **ORDERED** that the remainder of the action shall continue; and it is further

       **ORDERED** that this matter is respectfully referred to the General Clerk's Office for reassignment to a general IAS Part; and it is further

       **ORDERED** that the motion is otherwise denied.

**150432/2022   HUANG, ALICE C. ET AL vs. PORT AUTHORITY OF NEW YORK AND NEW JERSEY ET AL**
**Motion No.  002**

**Page 1 of 4**

1 of 4

[* 1]

In this personal injury action, on May 22, 2021 at approximately 2:00 p.m., plaintiff Alice C. Huang allegedly slipped and fell "while walking on a slippery floor adjacent to a hand sanitizer station located in the West Projection of the World Trade Center Oculus Mall, L1 level (hereinafter, 'the Premises')" (amended complaint [NYSCEF Doc. No. 11] ¶ 24). Plaintiff Matthew Jian asserts derivative claims.

On this motion, it is undisputed that the Transit Defendants do not own the Premises, and therefore had no duty to plaintiffs to maintain the Premises in a reasonably safe condition. According to the Transit Defendants, defendant Port Authority of New York and New Jersey owns the Oculus (*see* aff of Heriberto Hernandez ¶ 7 [NYSCEF Doc. No. 103]). Therefore, the branch of the Transit Defendants' motion for summary judgment dismissing the complaint as against them is granted, and the complaint is dismissed as against them, as well as any cross claims by or against the Transit Defendants.

The Transit Defendants also seek sanctions against plaintiffs pursuant to 22 NYCRR 130-1.1, which plaintiffs oppose.

"Pursuant to 22 NYCRR 130–1.1, a court, in its discretion, after a reasonable opportunity to be heard, may impose sanctions against a party or the attorney for a party, or both, for frivolous conduct" (*Muhametaj v Town of Orangetown*, 195 AD3d 627, 627-28 [2d Dept 2021]). "The party seeking sanctions has the burden to demonstrate that its opponent's conduct was frivolous within the meaning of 22 NYCRR 130–1.1(c)" (*U.S. Bank N.A. v Tait*, 234 AD3d 889, 892 [2d Dept 2025])

Conduct is frivolous if:

"(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
(3) it asserts material factual statements that are false.

. . . In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1 [c]).

In support of this branch of the motion, counsel for the Transit Defendants argues essentially that: 1) based on information that was publicly available prior to the commencement of the action, plaintiffs should have known that there was no good faith basis to bring the action as against Transit Defendants; and that 2) once the parties

150432/2022   HUANG, ALICE C. ET AL vs. PORT AUTHORITY OF NEW YORK AND NEW JERSEY ET AL
Motion No.  002

Page 2 of 4

2 of 4

provided various items evidencing that "the Oculus, the site of the accident herein, was owned and controlled by Defendant Port Authority and its subsidiary contractors", around June 2024, plaintiffs should have agreed to discontinue the action as against the Transit Defendants (affirmation of the Transit Defendants' counsel in support of motion [NYSCEF Doc. No. 101] ¶¶ 11-18).

In opposition, plaintiffs' counsel asserts that, in June 2024, counsel for the Transit Defendants circulated a stipulation to dismiss the Transit Defendants from the action with prejudice, and that plaintiffs' counsel informed the Transit Defendants' counsel "we would sign the stipulation, as long as we had documentation, and the consent of our clients" (affirmation of plaintiffs' counsel in opposition to motion [NYSCEF Doc. No. 105] ¶ 5). As part of that "documentation," plaintiffs' counsel requested that counsel for the Transit Defendants provide "an affidavit from someone with knowledge that the defendants New York City Transit Authority and Metropolitan Transportation Authority do not own, maintain or lease the property that is the subject matter of this lawsuit" (*id.*).

Plaintiffs' counsel asserts that it was not until February 12, 2025, "at 2:26 pm", that counsel for the Transit Defendants provided such an affidavit to plaintiffs' counsel. Plaintiffs' counsel asserts that on the very next day at a scheduled status conference in this court, counsel for the Transit Defendants "gave me an ultimatum, either sign the stipulation by the end of the day or he would make his motion" (affirmation in opposition to motion ¶ 8). Plaintiffs' counsel asserts that he requested that the Transit Defendants' counsel give him "one week" so that he could speak to the clients, and that the Transit Defendants' counsel refused this request (*id.* ¶¶ 8-9).

In reply, counsel for the Transit Defendants does not dispute these factual assertions by plaintiffs' counsel. Rather, the Transit Defendants' counsel reiterates his argument that plaintiffs commenced and prosecuted this action against the Transit Defendants "when all publicly available information, as well as the information provided in the case made it clear that Transit was in no way responsible for the accident site" (reply affirmation of counsel for the Transit Defendants in further support of motion [NYSCEF Doc. No. 110] ¶ 4). Regarding, plaintiffs' counsel's assertion that he needed a week to confer with his clients before signing the stipulation, counsel for the Transit Defendants avers that there is no need to confer with a client about discontinuing a frivolous claim because the attorney had an ethical duty not to bring the claim and to discontinue the claim once it became apparent that the claim was frivolous (*id.* ¶ 7). Counsel for the Transit Defendants further argues that if this court were to accept such "excuse then then the court would essentially be "allow[ing] any frivolous claim to be extended or maintained simply because the Client wouldn't consent to dismissal" (*id.*).

Courts have awarded costs pursuant to 22 NYCRR § 130–1.1 based on a party's refusal to discontinue "a completely meritless action despite numerous prior adverse determinations" (*Cusack v 60 Minutes Div. of CBS, Inc.*, 299 AD2d 180 [1st Dept 2002]). However, in the court's view, the information available to plaintiff's counsel concerning the ownership, maintenance, operation and control of the Oculus where

**150432/2022  HUANG, ALICE C. ET AL vs. PORT AUTHORITY OF NEW YORK AND NEW JERSEY ET AL**
**Motion No.  002**

**Page 3 of 4**

3 of 4

[* 3]

plaintiff Alice C. Huang allegedly fell was sufficiently ambiguous to justify counsel's initial reluctance to discontinue the action as against the Transit Defendants (*see Watson v City of New York*, 178 AD2d 126, 128 [1st Dept 1991]).

The courts notes that, in response to the amended complaint's allegation in paragraph 27 that, "at all times hereinafter mentioned, defendant PANYNJ managed the aforesaid Premises and more particularly, the location where plaintiff Alice C. Huang fell," the Port Authority answered, "Deny the allegations contained in paragraph '27,' except admit that the Port Authority owns those portions of the World Trade Centre and Oculus not owned by others" (*see* answer [NYSCEF Doc. No. 19], paragraph "EIGHTH"]). The documents upon which the Transit Defendants rely as the basis of the Port Authority's control of the premises did not conclusively rule out the possible role, if any, of the Transit Defendants (*see* affirmation of the Transit Defendants' counsel in support of motion ¶ 12), which explains why plaintiffs' counsel asked for an affidavit from the Transit Defendants.

While the Transit Defendants' counsel's frustration is understandable, the request of plaintiffs' counsel for "one week" to discuss the discontinuance with his clients "was not so egregious as to constitute frivolous conduct within the meaning of 22 NYCRR 130–1.1" (*Nugent v City of New York*, 189 AD3d 631, 632 [1st Dept 2020] [internal quotation marks and citation omitted]).

The proposed stipulation was for discontinuance with prejudice (*see* plaintiff's Exhibit C in opposition [NYSCEF Doc. No. 108]), which requires the authority of the client (*Jones v Merit Truck Renting Corp.*, 17 AD2d 779, 779 [1st Dept 1962]). The Transit Defendants' counsel has not explained why it was necessary for the stipulation of discontinuance to be executed within essentially 24 hours of the tendering of the affidavit.

Given all the above, this court exercises its discretion to deny sanctions.

This constitutes the decision and order of the court.

20250429172534RTSAIE106B3C072B6445D929183B1B8D1CA52

| 4/29/2025 | | RICHARD TSAI, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**150432/2022 HUANG, ALICE C. ET AL vs. PORT AUTHORITY OF NEW YORK AND NEW JERSEY ET AL**
**Motion No. 002**

Page 4 of 4

4 of 4

[* 4]