■ STANLEY YALKOWSKY, Appellant, v CENTURY APARTMENTS ASSOCIATES et al., Respondents. [626 NYS2d 181] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 25, 1994, which granted defendants' CPLR 3211 (a) motions to dismiss plaintiff's complaint, unanimously affirmed, with costs.

Plaintiff commenced this action alleging, inter alia, that the defendants individually and in concert submitted false statements to the courts in prior proceedings in which the parties were involved, in furtherance of a scheme to convert the building, owned by Century, into a condominium and to evict plaintiff, so as to deprive him of the opportunity to purchase his apartment. The complaint alleged four causes of action: (1) violation of Judiciary Law § 487; (2) breach of contract and interference with contract; (3) intentional infliction of emotional distress; and (4) false statements.

Plaintiff had commenced an earlier action against Century asserting, *inter alia,* causes of action, for intentional infliction of emotional distress and harassment. These two claims were dismissed by the Supreme Court, which order was affirmed by this Court (140 AD2d 1015). The Civil Court tried the remaining landlord-tenant claims and awarded judgment to the landlord for back rent, and granted plaintiff an offset award and counsel fees.

The IAS Court properly dismissed plaintiff's Judiciary Law § 487 claim for failure to state a cause of action, since said statute is only applicable to attorneys and cannot extend derivative liability to a client *(Rudow v City of New York,* 642 F Supp 1456, *affd on other grounds* 822 F2d 324). This cause of action should also be rejected as to defendant Levine, an attorney. Assuming arguendo, plaintiff's allegation that Levine falsely stated to the Civil Court that defendants obtained a Certificate of Occupancy for plaintiff's combined apartment, resulting in the dismissal of his claim for constructive eviction, to be true, plaintiff's remedy lies exclusively in that lawsuit itself, i.e., by moving pursuant to CPLR 5015 to vacate the civil judgment due to its fraudulent procurement, not a second plenary action collaterally attacking the judgment in the original action *(Crouse v McVickar,* 207 NY 213).

Plaintiff's additional allegation of a violation of this statute based upon defendants' false representation to the Attorney-General's Office at the time of the condominium offering plan that there was a valid Certificate of Occupancy legalizing the apartment merger, resulting in the denial of his legal right to purchase his apartment and participate in the plan, is without merit since plaintiff had several opportunities to purchase his unit but for his own reasons failed to avail himself thereof.

Plaintiff's default in failing to tender the purchase price for his unit pursuant to a Purchase Agreement, and his failure to allege he was ready, willing and able, bar him from pursuing a breach of contract claim.

A claim for intentional infliction of emotional distress based upon allegations involving statements and actions in the context of adversarial litigation must be dismissed *(Lazich v Vittoria & Parker,* 189 AD2d 753, *appeal dismissed* 81 NY2d 1006). Moreover, a similar claim was raised, dismissed and affirmed on appeal in the original action.

Plaintiff's fourth cause of action charging defendants with making "false statements" to prior courts in prior actions was properly dismissed for failure to state a cognizable claim.

We have considered plaintiff's remaining arguments and find them without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Asch, JJ.