■ TICKETMASTER CORPORATION et al., Appellants, v CARLOS LIDSKY et al., Respondents. [665 NYS2d 666] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about August 6, 1996, which granted defendants' motions to dismiss the complaint for failure to state a cause of action, and order, same court and Justice, entered March 26, 1997, which denied plaintiffs' motion for renewal, unanimously affirmed, with costs.

In this tort action, the IAS Court properly dismissed plaintiffs' causes of action for defamation on the grounds that the allegations made in the complaints in previous class actions were absolutely privileged since they were pertinent and relevant to those proceedings (*see, Park Knoll Assocs. v Schmidt*, 59 NY2d 205, 209) "by any view or under any circumstances" (*Martirano v Frost*, 25 NY2d 505, 507), and "the protection is complete, irrespective of the motive with which [the words were] used" (*Marsh v Ellsworth*, 50 NY 309, 311-312). Further, contrary to plaintiffs' contentions, defendants did not disseminate or deliver copies of the complaints to the public or the media (*see, Williams v Williams*, 23 NY2d 592, 599; *Bridge C.A.T. Scan Assocs. v Ohio-Nuclear, Inc.*, 608 F Supp 1187, 1195).

The motion court also properly dismissed the tenth cause of action alleging prima facie tort since the basis for such claim cannot be a lawsuit (*see, Curiano v Suozzi*, 63 NY2d 113, 118), the class actions were not based on "disinterested malevolence" (*WFB Telecommunications v NYNEX Corp.*, 188 AD2d 257, 258, *lv denied* 81 NY2d 709), and plaintiffs failed to itemize special damages (*see, Leather Dev. Corp. v Dun & Bradstreet*, 15 AD2d 761, *affd* 12 NY2d 909). The eleventh cause of action for interference with economic relations was also properly dismissed for failure to show that defendants' "sole motive was to inflict injury and that [defendants] employed unlawful means to do so" (*Nifty Foods Corp. v Great Atl. & Pac. Tea Co.*, 614 F2d 832, 838).

Finally, since the "[a]ssertion of unfounded allegations in a pleading, even if made for improper purposes, does not provide a basis for liability under [Judiciary Law § 487]" (*Thomas v Chamberlain, D'Amanda, Oppenheimer & Greenfield*, 115 AD2d 999, 1000, *appeal dismissed* 67 NY2d 1005), Supreme Court properly dismissed the twelfth cause of action. Concur—Milonas, J. P., Rosenberger, Ellerin, Nardelli and Colabella, JJ.