■ WILLIS RE INC., Appellant, v SIMON M. HUDSON et al., Respondents. [816 NYS2d 43]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered August 23, 2005, which granted defendants' motion to strike plaintiff's demand for a jury trial; order, same court and Justice, entered September 26, 2005, which, in an action arising out of defendant Hudson's former employment by plaintiff and present employment by defendant Collins Associates, Inc. (Collins), insofar as appealed from, granted defendants' motion for summary judgment dismissing plaintiff's causes of action against Hudson for breach of contract, against Collins for tortious interference with plaintiff's contract of employment with Hudson, and against both Hudson and Collins for tortious interference with business relations and unfair competition; and judgment, same court and Justice, entered October 25, 2005, dismissing the complaint as against Collins, and dismissing various causes of action as against Hudson pursuant to the order of September 26, 2005, unanimously affirmed, with one bill of costs.

Plaintiff waived its right to a jury trial by joining legal and equitable claims, which right was not revived by its subsequent withdrawal of the equitable claims (*see Zimmer-Masiello, Inc. v Zimmer, Inc.,* 164 AD2d 845, 846-847 [1990]). We reject plaintiff's argument that its original claim for injunctive relief, arising out of the same transactions and occurrences as the

claim for damages and seeking to stop defendants from diverting plaintiff's business to themselves, was a "tag along claim."

Plaintiff's claim against Collins for tortious interference with Hudson's employment contract was dismissed on the ground that the contract was not with plaintiff but plaintiff's sister company. It does not avail plaintiff to argue that it was assigned the contract, since plaintiff would have acquired only the sister company's right to performance (see Restatement [Second] of Contracts § 317 [1]), and, by its terms, the contract had expired before the alleged interference. Thus, there was no existing employment contract for Collins to interfere with (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). Nor is there any evidence that Hudson disclosed confidential information to Denzer, Collins's CEO, or took confidential information with him upon departing for Collins, such as might make Collins liable for interfering with the separate confidentiality agreement signed by Hudson, or make either Hudson or Collins liable for unfair competition. While Hudson may have disclosed information about Sapphire, one of plaintiff's customers, his status as a part owner of Sapphire, which investment was authorized by plaintiff, entitled him to do so. Concerning the claim against Collins for aiding and abetting Hudson's alleged breach of fiduciary duty, assuming arguendo that a factfinder could infer that Denzer of Collins actually knew that Hudson, in violation of his duty of loyalty to plaintiff, was attempting to persuade Dempsey of Sapphire to give his business to Collins (see Kaufman v Cohen, 307 AD2d 113, 125 [2003]), there is no evidence that Denzer provided "substantial assistance" to Hudson in that endeavor (see id. at 126). Rather, it appears that Denzer engaged in nothing more than routine employment negotiations with Hudson when Dempsey was not present, never discussed Hudson's possible change of employment when Dempsey was present, and never solicited Dempsey to move his business from plaintiff to Collins at any time before Hudson's departure from plaintiff (cf. Hannex Corp. v GMI, Inc., 140 F3d 194, 204 [2nd Cir 1998]). Finally, the claim of tortious interference with business relations was properly dismissed as against both Collins and Hudson for lack of evidence of wrongful means (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 191 [1980]) or that either acted for the sole purpose of harming plaintiff (see Snyder v Sony Music Entertainment, 252 AD2d 294, 299-300 [1999]; Ticketmaster Corp. v Lidsky, 245 AD2d 142, 143 [1997]). Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Malone, JJ.