Philip Seldon, Appellant, v Andrew Spinnell, Respondent. [945 NYS2d 666]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about September 28, 2010, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the amended complaint, unanimously affirmed, with costs.

Plaintiff is correct that the court should not have dismissed the first through eighth, tenth, and eleventh causes of action based on res judicata and collateral estoppel. However, we affirm on other grounds raised by defendant below (*see Matter of American Dental Coop. v Attorney-General of State of N.Y.*, 127 AD2d 274, 279 n 3 [1987]).

All of the plaintiff's Judiciary Law § 487 claims (the first through tenth causes of action) should have been dismissed because defendant was a party in the cases on which those causes of action are based (*see Haber v Kisner*, 255 AD2d 223 [1998]; *Northern Trust Bank of Florida/Sarasota N.A. v Coleman*, 632 F Supp 648, 650 [SD NY 1986]). Plaintiff's remedy lay exclusively in the previous lawsuits (*see Yalkowsky v Century Apts. Assoc.*, 215 AD2d 214, 215 [1995]). *Amalfitano v Rosenberg* (12 NY3d 8 [2009]), on which plaintiff relies, does not overrule any of the above cases. Indeed, the defendant in *Amalfitano*, was acting in his capacity as an attorney representing a client when he commenced the lawsuit at issue (*id.* at 11). Thus, there is nothing in *Amalfitano* to suggest that it expanded Judiciary Law § 487 to apply to attorneys who are merely parties to an action rather than only to attorneys acting in their capacity as attorneys (*see Barrows v Alexander*, 78 AD3d 1693 [2010]).

Even though the eleventh cause of action does not explicitly reference Judiciary Law § 487, most of that cause of action is based on defendant's allegedly false statements in other lawsuits in which defendant was a party. The only paragraph of the eleventh cause of action that is not based on such statements fails to state a cause of action, as it does not indicate how plaintiff was damaged by defendant's alleged intimidation of a third party.

Defendant did not cross appeal from the motion court's *sub silentio* denial of the branch of his motion which sought sanctions against plaintiff. Accordingly, we cannot award the relief he seeks (*see Hecht v City of New York*, 60 NY2d 57 [1983]).

Concur—Mazzarelli, J.P., Catterson, DeGrasse and Manzanet-Daniels, JJ.