10-4311-cv
Seldon v. Bernstein

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT:  JON O. NEWMAN,
          BARRINGTON D. PARKER,
          REENA RAGGI,
                    *Circuit Judges*.

-----------------------------------------------------------------------
PHILIP SELDON,
                    *Plaintiff-Appellant*,


          v.                                        No. 10-4311-cv

LAWRENCE BERNSTEIN,
                    *Defendant-Appellee*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      Philip Seldon, *pro se*, New York, New York.

FOR APPELLEE:                 Lawrence Bernstein, Esq., Miami, Florida.


Appeal from a judgment of the United States District Court for the Southern District

of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 6, 2010, is AFFIRMED.

Plaintiff Philip Seldon appeals from the sua sponte dismissal of his claims against defendant for common law fraud and violation of N.Y. Jud. Law § 487 for lack of subject matter jurisdiction. We review de novo a dismissal for lack of subject matter jurisdiction insofar as it rests upon legal conclusions. See Maloney v. Soc. Sec. Admin., 517 F.3d 70, 74 (2d Cir. 2008). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Seldon contends that the district court erred in dismissing his claim under N.Y. Jud. Law § 487 on the ground that he was required to raise the alleged deceit giving rise to that claim during the pendency of the proceeding in which it occurred. Seldon argues that the New York Court of Appeals adopted a contrary rule in Amalfitano v. Rosenberg, 12 N.Y.3d 8, 874 N.Y.S.2d 868 (2009). In fact, Amalfitano ruled that § 487 "permit[s] recovery for an attempted but unsuccessful deceit practiced on a court," id. at 11, 874 N.Y.S.2d at 869, in the context of a subsequent action by a party who had prevailed in an earlier lawsuit. It was not required to consider, much less did it disavow, precedent instructing that "a party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for damages" against opposing counsel under § 487. Specialized Indus. Servs. Corp. v. Carter, 68 A.D.3d 750, 751, 890 N.Y.S.2d 90, 92 (2d Dep't 2009) (reciting rule but noting exception where complaint "has sufficiently alleged a

2

larger fraudulent scheme"); see also New York City Transit Auth. v. Morris J. Eisen, P.C., 276 A.D.2d 78, 88, 715 N.Y.S.2d 232, 239 (1st Dep't 2000) (collecting authority and noting same exception); Yalkowsky v. Century Apartments Assocs., 215 A.D.2d 214, 215, 626 N.Y.S.2d 181, 182–83 (1st Dep't 1995) (suggesting that relief may be obtained "by moving pursuant to CPLR 5015 to vacate the civil judgment due to its fraudulent procurement"). The rule is generally limited to situations where, as here, the losing party was "aware of the alleged misconduct at the time of the prior action." Hansen v. Werther, 2 A.D.3d 923, 923, 767 N.Y.S.2d 702, 702–03 (3d Dep't 2003). Indeed, New York's Appellate Division recently invoked this rule to affirm a judgment against Seldon on his § 487 claim against the attorney who was the plaintiff in the same libel action that is the subject of this lawsuit. See Seldon v. Spinnell, 95 A.D.3d 779, 779, 945 N.Y.S.2d 666 (1st Dep't 2012) (holding, inter alia, that plaintiff's § 487 "remedy lay exclusively in the previous lawsuit[]" and that Amalfitano v Rosenberg "does not overrule" this limitation (citing Yalkowsky v. Century Apartments Assocs., 215 A.D.2d at 215, 626 N.Y.S.2d at 182–83)).

Because Seldon fails plausibly to allege that he first became aware of the purported misrepresentations in defendant's closing argument after judgment was entered, or that they were part of a fraudulent scheme extending beyond the prior lawsuit,[1] we affirm the sua sponte dismissal of his § 487 claim on that basis. Moreover, although Seldon's second

---

[1] In his reply brief, Seldon withdrew his allegation that defendant conspired with the plaintiff in the libel action to perpetrate a fraudulent scheme to ruin Seldon's life, because no such claim appears in the operative complaint.

"cause of action [for common-law fraud] does not explicitly reference Judiciary Law § 487," it was properly dismissed to the extent it "is based on [the same] allegedly false statements" that underlie the § 487 claim. Seldon v. Spinnell, 95 A.D.3d at 779, 945 N.Y.S.2d at 666. We reach the same conclusion insofar as Seldon's claims may be read to suggest that defendant here conspired with his client to introduce false evidence in the prior action. See Retina Assocs. of Long Island, P.C. v. Rosberger, 299 A.D.2d 533, 533, 751 N.Y.S.2d 50, 50 (2d Dep't 2002) (holding that losing party may not seek damages for subornation of perjury in proceeding "except where the perjury is part of a larger fraudulent scheme"). Finally, even if they were not barred, Seldon's conclusory allegations of fraud would fail to state a claim in any event. See Cramer v. Sabo, 31 A.D.3d 998, 999, 818 N.Y.S.2d 680, 681 (3d Dep't 2006) (affirming dismissal of § 487 claim as "wholly conclusory").

Accordingly, we need not reach the district court's conclusion that the Rooker-Feldman doctrine barred Seldon's claims from review. See generally Sudler v. City of New York, 689 F.3d 159, 178 (2d Cir. 2012) (holding that we may affirm on any ground that finds record support); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (authorizing sua sponte dismissal of frivolous fee-paid claims).

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4