■ 21ST CENTURY DIAMOND, L.L.C., Plaintiff, v ALLFIELD TRADING, L.L.C., et al., Defendants. ALLFIELD TRADING, L.L.C., et al., Third-Party Plaintiffs-Respondents, v EXELCO NORTH AMERICA, INC., et al., Third-Party Defendants, and EXELCO NV et al., Third-Party Defendants-Appellants. [989 NYS2d 291]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered December 24, 2013, which to the extent appealed from as limited by the briefs, denied the motions of third-party defendants Exelco NV, FTK Worldwide Manufacturing and Exelco International to dismiss the cause of action for aiding and abetting breach of fiduciary duty as against them, unanimously reversed, on the law, and the motions to dismiss granted with leave to replead within 30 days from the date of service of this order with notice of entry, otherwise affirmed without costs.

In this third-party action alleging the usurpation of plaintiff's business opportunity by its majority owner, third-party defendant Exelco North America, Inc., third-party plaintiffs, who are former managers and minority owners of plaintiff, allege that the majority owner's breach of fiduciary duty was aided and abetted by the other third-party defendants. However, the third-party complaint fails to sufficiently state the requisite substantial assistance, which is one of the required elements of a claim for aiding and abetting breach of fiduciary duty (Kaufman v Cohen, 307 AD2d 113, 125-126 [1st Dept 2003]), since the other third-party defendants are alleged to have done nothing more than engage in their routine business of dealing in diamonds (see Willis Re Inc. v Hudson, 29 AD3d 489, 490 [1st Dept 2006]).

A final opportunity to replead the aiding and abetting breach of fiduciary duty cause of action, however, is warranted. Concur—Sweeny, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.