# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**137**

**CA 16-01213**

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

KIMBROOK ROUTE 31, L.L.C., KIMBROOK ROUTE 31
DEVELOPMENT LLC AND PHILIP J. SIMAO,
PLAINTIFFS-APPELLANTS,

V                                                           MEMORANDUM AND ORDER

MAUREEN T. BASS, DEFENDANT-RESPONDENT.

---

CENTOLELLA LYNN D'ELIA & TEMES LLC, SYRACUSE (DAVID C. TEMES OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered September 25, 2015. The order
granted defendant's motion to dismiss plaintiffs' complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
and the complaint is reinstated.

Memorandum: Plaintiffs commenced this Judiciary Law § 487 action
against defendant based on her conduct when representing plaintiffs'
adversary in a foreclosure action. We agree with plaintiffs that
Supreme Court erred in granting defendant's motion to dismiss the
complaint. Although plaintiffs were aware of the alleged misconduct
during the pendency of the prior foreclosure action, they are not
precluded from bringing a plenary action alleging a violation of
Judiciary Law § 487 provided that they are not collaterally attacking
the judgment from the prior action (*see Melcher v Greenberg Traurig
LLP*, 135 AD3d 547, 554; *Chevron Corp. v Donzinger*, 871 F Supp 2d 229,
261-262; *see generally Stewart v Citimortgage, Inc.*, 122 AD3d 721,
722). Indeed, the language of the statute does not require the claim
to be brought in a pending action (*see* § 487; *Melcher*, 135 AD3d at
554). Here, plaintiffs are seeking to recover damages for additional
legal fees made necessary by defendant's alleged misconduct in the
foreclosure action, and they are not collaterally attacking the
judgment of foreclosure (*see generally Amalfitano v Rosenberg*, 12 NY3d
8, 15).

We further agree with plaintiffs that the doctrine of collateral
estoppel does not preclude their claim. The doctrine of collateral
estoppel has two requirements: (1) "the identical issue necessarily

must have been decided in the prior action and be decisive of the present action," and (2) "the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455; *see Ackman v Haberer*, 111 AD3d 1378, 1379). In the foreclosure action, plaintiffs Kimbrook Route 31, L.L.C. (Kimbrook) and Philip J. Simao (Simao) moved before this Court to reduce the amount of the undertaking necessary to stay execution of the judgment of foreclosure pending the outcome of their appeal from that judgment. After we granted the motion in part, Kimbrook and Simao cross-moved for sanctions in this Court based on defendant's conduct in procuring an affidavit from the receiver of the property in opposition to the motion to reduce the amount of the undertaking, and we denied the cross motion. A motion for sanctions for frivolous conduct (*see* 22 NYCRR 130-1.1 [c]) is not the same as a cause of action for attorney misconduct (*see* Judiciary Law § 487). We therefore conclude that collateral estoppel does not apply, inasmuch as the identical issue was not raised in the foreclosure action (*see Melcher*, 135 AD3d at 553-554).

Entered: February 10, 2017

Frances E. Cafarell
Clerk of the Court