Wolf v Imus (2019 NY Slip Op 02173)





Wolf v Imus


2019 NY Slip Op 02173


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8771 151440/18

[*1]Warner Wolf, Plaintiff-Appellant,
v
Don Imus, et al., Defendants-Respondents.


Wigdor LLP, New York (Kenneth Walsh of counsel), for appellant.
Offit Kurman, P.A., New York (Martin Garbus of counsel), for Don Imus, respondent.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York (Aaron Warshaw of counsel), for Chad Lopez, Mike McVay and Craig Schwalb, respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered September 27, 2018, which, to the extent appealed from, granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court properly dismissed plaintiff's age discrimination claims brought under the City and State Human Rights Laws, because the impact on plaintiff from the termination of his employment occurred in Florida, where he lived and worked (see e.g. Hoffman v Parade Publs., 15 NY3d 285, 290-292 [2010]; Shah v Wilco Sys., Inc., 27 AD3d 169, 175-176 [1st Dept 2005], lv dismissed in part and denied in part 7 NY3d 859 [2006]). "Whether New York courts have subject matter jurisdiction over a nonresident plaintiff's claims under the HRLs turns primarily on her [or his] physical location at the time of the alleged discriminatory acts" (Benham v eCommission Solutions, LLC, 119 AD3d 605, 606 [1st Dept 2014]).
Plaintiff's claim for tortious interference with contractual relations, also arising from the termination of his employment, was not viable because the documentary evidence demonstrates that his employer did not breach his employment contract, but declined to exercise its contractual right to renew the contract for an additional year (see American Preferred Prescription v Health Mgt., 252 AD2d 414, 417 [1st Dept 1998]; see also Willis Re Inc. v Hudson, 29 AD3d 489, 490 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK