18-2803-cv
*Oorah, Inc. v. Kane Kessler, P.C.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            PETER W. HALL,
                    *Circuit Judges,*
            TIMOTHY C. STANCEU,
                    *Judge.*[*]

------------------------------------------------------------

OORAH, INC.,

        *Plaintiff-Appellant,*                    18-2803-cv

        v.

KANE KESSLER, P.C., GERARD SCHIANO-STRAIN, ESQ.,

        *Defendants-Appellees,*

JOHN DOES 1-10, BIRCH COMMUNICATIONS, INC., RONALD KUZON,

        *Defendants.*

------------------------------------------------------------

------------------------------------------------------------

[*] Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**  STEVEN G. STORCH (John W. Brewer and Casey J. Hail, *on the brief*), Storch Amini P.C., New York, NY.

**FOR DEFENDANTS-APPELLEES:**  RACHEL AGHASSI (A. Michael Furman and Spencer A. Richards, *on the brief*), Furman Kornfeld & Brennan LLP, New York, NY.

Appeal from an August 23, 2018 judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **VACATED IN PART AND REMANDED**.

Plaintiff-Appellant Oorah, Inc. ("Oorah") appeals from a judgment of the District Court dismissing with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), its claim under New York Judiciary Law § 487[1] against Defendants-Appellees Kane Kessler P.C. and Gerard Schiano-Strain (jointly, "Kane Kessler").[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (internal quotation marks omitted).

Upon *de novo* review, we conclude that the District Court erred in dismissing Oorah's § 487 claim on the basis that "New York law requires that claims under Section 487 be brought in the underlying action where the attorney misconduct occurred, unless the misconduct is part of a broader fraudulent scheme." SPA 8–9. Under New York law, the relevant distinction appears to be whether or not the party seeking relief under § 487 prevailed in the underlying action. Thus, where the plaintiff does not seek to collaterally attack the judgment because he prevailed in the underlying action, he may bring a separate, plenary action alleging a violation of § 487. *See, e.g.*, *Kimbrook Route*

---

[1] Section 487 provides that any attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" or who "[w]illfully delays his client's suit with a view to his own gain" may be held liable by the "party injured" for "treble damages, to be recovered in a civil action." N.Y. JUD. LAW. § 487.

[2] The District Court also dismissed with prejudice claims of fraudulent conveyance and breach of fiduciary duty against Kane Kessler and other defendants. Oorah has limited its appeal to the District Court's dismissal of the § 487 claim against Kane Kessler.

*31, L.L.C. v. Bass*, 47 N.Y.S.3d 203, 204 (4th Dep't 2017) ("Although plaintiffs were aware of the alleged misconduct during the pendency of the prior foreclosure action, they are not precluded from bringing a plenary action alleging a violation of Judiciary Law § 487 provided that they are not collaterally attacking the judgment from the prior action. Indeed, the language of the statute does not require the claim to be brought in a pending action." (internal citations omitted)). By contrast, where a losing party seeks to challenge or otherwise undo the underlying judgment, he must generally seek vacatur of the fraudulently procured judgment, unless he alleges that the attorney's misconduct was part of a broader fraudulent scheme, greater in scope than the issues determined in the underlying proceeding. *See Specialized Indus. Servs. Corp. v. Carter*, 890 N.Y.S.2d 90, 92 (2nd Dep't 2009) ("Generally, a party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for damages against the party who adduced the false evidence, and the plaintiff's remedy lies exclusively in moving to vacate the default judgment. Under an exception to that rule, a separate lawsuit may be brought where the alleged perjury or fraud in the underlying action was merely a means to the accomplishment of a larger fraudulent scheme which was greater in scope than the issues determined in the prior proceeding." (internal citations and quotation marks omitted)); *see also Melcher v. Greenberg Traurig LLP*, 24 N.Y.S.3d 249, 256 (1st Dep't 2016) ("[Plaintiff] does not, in fact, seek by this action to collaterally attack any prior adverse judgment or order on the ground that it was procured by fraud; if that were the case, the appropriate remedy generally would be to seek vacatur under CPLR 5015."); *Seldon v. Bernstein*, 503 F. App'x 32, 33 (2d Cir. 2012) (non-precedential summary order) ("[A] party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for damages against opposing counsel under § 487. The rule is generally limited to situations where . . . the *losing* party was aware of the alleged misconduct at the time of the prior action." (emphasis added) (internal citations and quotation marks omitted)). In sum, while the court where the alleged misconduct occurred may be better positioned than a federal court sitting under diversity jurisdiction to assess the merits of a § 487 claim, the District Court misread New York state law to require a prevailing party to file its § 487 claim in the pending underlying state action.

Here, Oorah is the prevailing party. *See Oorah, Inc. v. Covista Commc'ns Inc.*, 52 N.Y.S.3d 347 (1st Dep't 2017) (reversing the New York Supreme Court's entry of judgment for Covista and dismissing Covista's counterclaim). Contrary to the District Court's conclusion, Oorah does not seek to collaterally attack a prior adverse judgment or order.[3] Rather, it seeks to recover damages for

---

[3] Oorah's complaint faults Kane Kessler for "delay[ing] Oorah's ability to obtain and enforce a judgment on its claim before Covista rendered itself judgment-proof." J.A. 32 ¶ 64. The District Court construes this allegation as a "collateral attack" because it constitutes an attempt by Oorah to "hold [Kane Kessler] liable for Oorah's purported inability to enforce the judgment against Birch and Covista." SPA 9 n.3. Even assuming *arguendo* that Oorah seeks to hold Kane Kessler liable for the judgment it is now unable to recover from Covista and Birch, that simply goes to the issue of whether such expenses may be treated as the proximate result of Kane Kessler's alleged

3

additional legal costs incurred as a result of Kane Kessler's alleged misconduct. *See* App. 32 ¶ 64. Accordingly, we vacate the District Court's dismissal with prejudice of Oorah's § 487 claim against Kane Kessler and remand for further proceedings consistent with this order.

## CONCLUSION

For the foregoing reasons, we **VACATE IN PART AND REMAND** the August 23, 2018 judgment of the District Court for further proceedings consistent with this order. Each party to bear its own costs on appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

misrepresentations; it does not evince an intent to undo or otherwise attack any prior adverse judgment or orders. *See Melcher*, 24 N.Y.S.3d at 255 ("[T]he plaintiff in a section 487 case may recover the legal expenses incurred as a proximate result of a material misrepresentation in a prior action.").

4