Catalano v Fox Tel. Stas., Inc. (2019 NY Slip Op 04463)





Catalano v Fox Tel. Stas., Inc.


2019 NY Slip Op 04463


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9543 115597/10

[*1]Michael Catalano, Plaintiff-Appellant,
v
Fox Television Stations, Inc., Defendant-Respondent, WNYW-Fox 5 Television, Defendant.


Michael G. O'Neill, New York, for appellant.
Holland & Knight LLP, New York (Michael Starr of counsel), for respondent.



Order, Supreme Court, New York County (Richard F. Braun, J.), entered December 22, 2017, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint as against defendant Fox Television Stations, Inc., unanimously affirmed, without costs.
Defendants met their obligation, under the New York State and City Human Rights Laws, to engage in a good-faith interactive dialogue with plaintiff aimed at reasonably accommodating his disability (see Executive Law § 292[21], [21-e]; Administrative Code of City of NY § 8-107[15][b]; Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 836-837 [2014]). Defendants repeatedly offered to train plaintiff and place him as an "ELC" ("Enhanced Live Control") operator. The offer was qualified only by a request that plaintiff furnish a note from his physician confirming that he could perform all the ELC operator functions "without limitations; or, if he believes you have limitations, what those are." Given that his orthopedist had stipulated that plaintiff could return to work as of August 23, 2010, but only if there were "no use of Robotic Tension Joysticks operation until further notice," defendants' request for medical confirmation of his ability to perform the ELC operator functions (which included joystick use) was reasonable. However, plaintiff never updated the orthopedist's note; he submitted doctors' notes stating merely that he continued to be seen and treated.
Plaintiff's engineer's affidavit, submitted in opposition to defendants' motion and corroborating plaintiff's own efforts to find ways to modify the existing joystick or find joystick alternatives, is not relevant to this analysis. The reasonableness of an employer's response to a disabled employee's request for an accommodation turns not on whether some accommodation was theoretically available, but rather on "whether a reasonable accommodation was available for the employee's disability at the time the employee sought accommodation" (Jacobsen, 22 NY3d at 838). The record demonstrates that defendants, in consultation with their equipment vendor, made extensive efforts to test plaintiff's suggestions and find alternatives. Thus, defendants did not "arbitrarily reject [plaintiff's] proposal[s] without further inquiry," but met their obligation "to investigate that request and determine its feasibility" by engaging in "at least some deliberation upon the viability of [his] request" (Jacobsen, 22 NY3d at 836, 837 [internal quotation marks omitted]). The record also demonstrates that defendants attempted to further the interactive dialogue with plaintiff (via his union) by requesting that the vocational expert he had identified in the fall of 2010 (not the mechanical engineer who submitted the opposition affidavit) visit the workplace and perform an ergonomic evaluation aimed at finding an accommodation. However, the union did not respond to defendants' last request for dates of availability.
Plaintiff contends that defendants could have accommodated him by placing him in an [*2]evening floor manager position, which did not require use of a joystick. However, it is undisputed that defendants were filling that position temporarily, because they were in the process of consolidating it into a new ELC position to be held by per diem employees. Defendants were not required to place plaintiff in the evening ELC position when it became available, thereby bumping a more junior staff technician
whom defendants had been preparing for the position (see Silver v City of N.Y. Dept. of Homeless Servs., 2012 NY Slip Op 32447[U], *9 [Sup Ct, NY County 2012], affd 115 AD3d 485 [1st Dept 2014]).
Because defendants did not cross-appeal, we cannot grant their request that we dismiss the complaint as against defendant WNYW-Fox 5 Television, which defendants assert is merely a trade name without separate juridical existence (see Seldon v Spinnell, 95 AD3d 779 [1st Dept 2012], lv denied 20 NY3d 857 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK