Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research (2019 NY Slip Op 07226)





Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research


2019 NY Slip Op 07226


Decided on October 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2019

Friedman, J.P., Sweeny, Richter, Mazzarelli, Webber, JJ.


10026N 150856/17

[*1] Errant Gene Therapeutics, LLC, Plaintiff-Respondent,
v
Sloan-Kettering Institute for Cancer Research, et al., Defendants-Appellants.


Holland & Knight LLP, New York (Charles A. Weiss of counsel), and Wilmer Cutler Pickering Hale and Dorr LLP, New York (Robert J. Gunther, Jr. of counsel), for Sloan-Kettering Institute for Cancer Research, appellant.
Schlam Stone & Dolan LLP, New York (John M. Lundlin of counsel), for Bluebird Bio Inc., appellant.
McCue Sussmane Zapfel & Cohen, P.C., New York (Kenneth Sussmane of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about June 6, 2019, which denied defendants' motion to strike plaintiff's jury demand, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff has waived its right to a jury trial. When, as here, the complaint either joins legal and equitable causes of action arising out of the same alleged wrong or seeks both legal and equitable relief, there is a waiver of a plaintiff's right to a jury trial (see Marko v Korf, 166 AD3d 545 [1st Dept 2018]; Security Pac. Natl. Bank v Evans, 148 AD3d 465 [1st Dept 2017]; Willis Re Inc. v Hudson, 29 AD3d 489 [1st Dept 2006]). Plaintiff's sixth cause of action for a permanent injunction sounds in equity, is not incidental to the remaining claims and as a result of its inclusion, it can no longer be said that money damages would afford a complete remedy (see e.g. Willis Re Inc., 29 AD3d at 489-490). Furthermore, "[o]nce the right to a jury trial has been intentionally lost by joining legal and equitable claims, any subsequent dismissal, settlement or withdrawal of the equitable claim(s) will not revive the right to trial by jury" (Zimmer-Masiello, Inc. v Zimmer, Inc., 164 AD2d 845, 846-847 [1st Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 8, 2019
CLERK