**Avanza Group, LLC v Golenbock Eiseman Assor Bell & Peskoe LLP**

2025 NY Slip Op 32125(U)

June 13, 2025

Supreme Court, New York County

Docket Number: Index No. 659427/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     <u>**HON. LYLE E. FRANK**</u>      **PART**     **11M**

*Justice*

-----------------------------------------------------------------------------X

THE AVANZA GROUP, LLC,

         Plaintiff,

      - v -

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP,
ELIZABETH C. CONWAY

         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 659427/2024 |
| **MOTION DATE** | 03/03/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for         <u>DISMISS</u> .

Upon the foregoing documents, defendants' motion is granted.

## Background

Plaintiff the Avanza Group, LLC is a provider of merchant cash advances ("MCAs"). Plaintiff entered into a series of agreements with non-party BFG 102, LLC, a factoring company that provides funding for MCA companies. During the relevant time, BFG was represented by defendant Golenbock Eiseman Assor Bell & Peskoe LLP, who had assigned attorney Elizabeth C. Conway (collectively with Golenbock Eiseman, "Defendants") to the matter. In April of 2023, Plaintiff and BFG agreed over email to modify the terms of these agreements as relating to Plaintiff's financial obligations. Shortly thereafter, Defendants sent out letters to many of Avanza's MCA merchants, describing Plaintiff as in default and directing the diversion of funds from Plaintiff to BFG (the "April Letters"). A letter was also sent to non-party ACH, who processes electronic fund transfers. Plaintiff alleges that they were not genuinely in default at this time and that the default was "manufactured" in order to rectify BFG's poor financial condition.

**659427/2024   THE AVANZA GROUP, LLC vs. GOLENBOCK EISEMAN ASSOR BELL & PESKOE**      **Page 1 of 10**
**LLP ET AL**
**Motion No.  001**

1 of 10

Plaintiff also alleges that Defendants were motivated to assist in manufacturing a default by a desire to ensure payment of their legal fees.

That same month, Avanza filed a proceeding against BFG and ACH (the "BFG Suit"), a case which is also before this Court. Defendants represented BFG in that case, and BFG has brought counterclaims. There, Avanza pled a claim of tortious interference against BFG and raised the issue of the April letters sent by Defendants. An order in that action (the "BFG May Order") denied Avanza's request for a preliminary injunction, finding that "it appears that defendant BFG had a right to contact the entities that it has contacted pursuant to the 2022 agreement between the parties." Another order (the "BFG June Order") also denied a second preliminary injunction request by Avanza, holding that there were no grounds to change the BFG May Order's holding that BFG had a right to contact "the entities it has contacted pursuant to the 2022 agreement between the parties." Then, in an order granting in part a motion to dismiss (the "BFG MTD Order"), the Court dismissed the tortious interference claim asserted against BFG (which was based in part on the April Letters) as well as fraud and libel claims. The Court found that BFG was "expressly permitted to communicate to the merchants and collect directly from them" and granted an order of attachment requested by BFG.

In December of 2023, Avanza moved to vacate the order of attachment, arguing that BFG should not be entitled to attach any payments from merchants that were not identified on a schedule that sold to BFG the right to collect payments from the specified merchants (the "Unpurchased RTR Clients"). The Court denied that motion. In December of 2024, Plaintiff filed this underlying proceeding against Defendants, pleading claims of tortious interference and violation of Judiciary Law § 487. Central to their claims are the argument that BFG did not have

659427/2024   THE AVANZA GROUP, LLC vs. GOLENBOCK EISEMAN ASSOR BELL & PESKOE          Page 2 of 10
LLP ET AL
Motion No. 001

2 of 10

the right to send the April Letters to the Unpurchased RTR Clients. Defendants bring the present motion to dismiss.

## Standard of Review

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 [2d Dept. 2003]. Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 [2017].

## Discussion

Defendants have moved to dismiss the complaint for failure to state a claim and as contradicted by documentary evidence. They have also moved to dismiss under New York's Anti-SLAPP law, arguing that this proceeding was instigated in a "bad faith effort to harass and retaliate against" BFG and Defendants. Plaintiff opposes. For the reasons that follow, the motion is granted.

### *Defendants Have Shown That This Is a SLAPP Suit*

A threshold issue in this matter is whether the Anti-SLAPP law applies to this proceeding. This statute is found in New York's Civil Rights Law Article 7, which permits a "defendant in an action involving public petition and participation" to recover costs and attorneys' fees if it is determined that "the action involving public petition and participation was commenced or continued without a substantial basis in fact and law." N.Y. Civil Rights Law

659427/2024   THE AVANZA GROUP, LLC vs. GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP ET AL
Motion No.  001

Page 3 of 10

3 of 10

[* 3]

§ 70-a.[1] According to a recently expanded definition of the term "public petition and participation", this encompasses claims that are based upon "any other lawful conduct in furtherance of the exercise of the constitutional right […] of petition." N.Y. Civil Rights Law § 76-a(1)(a)(2). The right of petition includes litigation as well as "activity incidental to litigation." *Matter of People of the State of New York v. Northern Leasing Sys., Inc.*, 193 A.D.3d 67, 77 [1st Dept. 2021]. The First Department has confirmed that this right encompasses litigation regardless of whether the subject matter of that suit could be considered private or public. *Sweetpea Ventures Inc. v. Belmamoun*, 231 A.D.3d 460, 461 [1st Dept. 2024].

Defendants argue that this case was brought against them because of their representation of BFG and for their legal advocacy work on behalf of their client, therefore it is considered a retaliatory action involving the right to public petition. Plaintiff disagrees and argues that a claim for tortious interference cannot be considered a SLAPP suit. They do not cite to any binding authority for this proposition. In *Black*, the First Department found that a malicious prosecution claim that was "rooted in allegations involving defendants' commencement and prosecution of a legal action" invoked the right to petition and therefore the procedural requirements of the Anti-SLAPP law. *Black v. Ganieva*, 236 A.D.3d 427, 427 [1st Dept. 2025]. The First Department has also applied the Anti-SLAPP law to a case involving claims of tortious interference pled against an opposing party and their counsel. *215 W. 84th St. Owner LLC v. Bailey*, 217 A.D.3d 488, 488 [1st Dept. 2023]; *see 215 W. 84th St. Owner LLC v. Bailey*, 2022 N.Y.L.J. LEXIS 1717, *1 [Sup. Ct. N.Y. Co. 2022].

---

[1] This section of the N.Y. Civil Rights Law pertains to an "action, claim, cross claim or counterclaim", and CPLR § 3211(g) states that a motion to dismiss (such as this current motion) should be granted if it is demonstrated that the action is one "involving public petition and participation" as defined in the Civil Rights Law.

**659427/2024   THE AVANZA GROUP, LLC vs. GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP ET AL**                                     **Page 4 of 10**
**Motion No.  001**

Plaintiff has alleged two causes of action against Defendants: tortious interference and breach of Judiciary Law § 487. The Judiciary Law claim is explicitly rooted in actions that Defendants took in defense of their client in the BFG Suit. Allegations are made that Defendants were "colluding" with their client to deceive the Court in order to financially benefit and defeat motions made in that proceeding by Avanza. The tortious interference claim is based on the sending of the April Letters and makes allegations that Defendants again "colluded" with BFG in manufacturing a default as a basis for the April Letters. This claim, based as it is on its face on actions taken prior to the instigation of any lawsuit, appears at first glance to be unconnected to a matter of public interest or a matter of public interest. *See Sharp v. Bar Fluid LLC*, 2025 N.Y. App. LEXIS 2367, *3 [1st Dept. 2025] (holding that contractual counterclaims were not under the Anti-SLAPP framework because they did not involve communication involving an issue of public interest or lawful conduct in furtherance of the right to petition); *c.f. Trump v. Trump*, 227 A.D.3d 635, 636 [1st Dept. 2024] (holding that "[c]ontractual claims are not categorically outside the anti-SLAPP law, which depends not on the type of claim but on the type of conduct").

But Defendants have argued persuasively that this instant proceeding was brought in response to Defendants' actions taken in the course of representing their client in the BFG Suit. The timing of this proceeding (given the context of the BFG Suit's developments) and the contentious relationship between the parties in the course of the BFG Suit (as seen by the multiple motions for contempt and to disqualify that were brought against Defendants in that proceeding by Avanza) lend credence to the retaliation theory. The fact that the claims brought were not defamation, but rather tortious interference and Judiciary Law claims, does not bar the application of the Anti-SLAPP provisions. To be clear: the Court is not saying, for instance, that

every Judiciary Law § 487 claim (which inherently deals with activity in the course of litigation) would invoke the Anti-SLAPP procedural framework. Rather, the Court finds that, on the facts surrounding this proceeding, Defendants have shown that this is an action involving public petition because it was brought as a response to actions taken in the course of litigation in the BFG Suit. Therefore, the procedural framework of CPLR § 3211(g) applies.

### *The Substantial Basis Standard*

Once a proceeding is deemed to fall under the Anti-SLAPP framework, the burden shifts to the non-movant (here, Plaintiff) to demonstrate a substantial basis for their claims. *Reeves v. Associated Newspapers, Ltd.*, 232 A.D.3d 10, 20 [1st Dept. 2024]. In *Reeves*, the First Department referred to this process as "analogous to an accelerated summary judgment motion" and held that it was a "more exacting standard" than a CPLR § 3211(a)(7) motion and that the court "must look beyond the face of the pleadings to determine whether the claim alleged is supported by substantial evidence." *Id.*, at 24. A showing of substantial basis would mean "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." *Black*, at 428. If a claim would be subject to dismissal under CPLR § 3211(a), or the non-movant cannot "raise an issue of triable fact", then there has been no showing of substantial basis. *Reeves*, at 24 – 5.

### *The Tortious Interference Cause of Action Fails to State a Valid Claim*

In their first cause of action, Plaintiff alleges that Defendants tortiously interfered with the agreements between Plaintiff and BFG by inducing BFG to breach them. The alleged breach is the sending of the April Letters to the Unpurchased RTR Clients. Plaintiff alleges that Defendants colluded with BFG to "manufacture" a default that would entitle them to redirect payment from the Unpurchased RTR Clients. Plaintiff's tortious interference claim fails for

**659427/2024   THE AVANZA GROUP, LLC vs. GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP ET AL**          **Page 6 of 10**
**Motion No.  001**

6 of 10

[* 6]

several reasons. First, when the court in the BFG Suit dismissed the tortious interference claims asserted against BFG, the court there expressly held that BFG was entitled to send the April Letters. Therefore, sending the April Letters cannot form the basis for a tortious interference claim asserted against the Defendants here. *See, e.g., Corto v. Lefrak*, 203 A.D.2d 94, 95 [1st Dept. 1994]. In an attempt to avoid the estoppel effect of the dismissal of claims against Defendants' client in the BFG Suit, Plaintiff argues that there is a distinction between "purchased" and "unpurchased" RTR Clients. But in that proceeding, Avanza made the same argument in a motion to vacate, and that motion was denied. Additionally, the

Furthermore, here Plaintiff has nothing more than conclusory allegations that Defendants "colluded" with BFG to breach the agreements between Plaintiff and BFG and that Defendants intentionally induced BFG to send the April Letters. But attorneys have liability for the advice they give clients "even when such advice is erroneous, in the absence of fraud, collusion, malice or bad faith", and conclusory allegations regarding collusion or bad faith are insufficient to withstand a motion to dismiss. *Pursuit Inv. Mgt. LLC v. Alpha Beta Capital Partners, L.P.*, 127 A.D.3d 580, 581 [1st Dept. 2015]. Because the tortious interference cause of action is subject to dismissal under CPLR § 3211(a), it necessarily then fails to meet the stricter substantial basis standard under CPLR § 3211(g).

### *The Judiciary Law § 487 Claim*

In this claim, Plaintiffs allege that the Defendants made the following intentional misrepresentations to the Court in the BFG Suit: 1) that BFG acted in good faith and complied with their obligations in the agreements with Avanza; 2) that BFG was permitted to collect against the merchants it sent the April Letters to, using terms to describe the clients that were not found in the plain language of the agreements; and 3) that BFG was entitled to recover from the

659427/2024   THE AVANZA GROUP, LLC vs. GOLENBOCK EISEMAN ASSOR BELL & PESKOE   Page 7 of 10
LLP ET AL
Motion No.  001

7 of 10

[* 7]

merchants the full amount of the Purchased RTR. But Plaintiff is barred from bringing the Judiciary § 487 claim here. A § 487 claim is properly dismissed when the remedy lies exclusively in the vacation of a decision in another action that was based on the alleged fraudulent action. *Yalkowsky v. Century Apartments Assocs.*, 215 A.D.2d 214, 215 [1st Dept. 1995]. There is an exception for when a § 487 claim does not seek to collaterally attack any prior adverse judgment or order. *Melcher v. Greenberg Traurig LLP*, 135 A.D.3d 547, 554 [1st Dept. 2016]. One example of this exception is a plaintiff that did not seek to collaterally attack a judgment of foreclosure, but merely was attempting to recover damages for additional legal fees that were made necessary by the alleged misconduct in the other action. *Kimbrook Rte. 31, L.L.C. v. Bass*, 147 A.D.3d 1508, 1509 [4th Dept. 2017].

Here, it is clear that Plaintiff is attempting to collaterally attack the dismissal of their claims in the BFG Suit. The complaint in this action states that as a result of the alleged misrepresentations, "Avanza has suffered substantial damages, including without limitation the loss of funds and the inability to collect from, *inter alia*, the Unpurchased RTR Clients, as well as the loss of good will." Their damages necessarily stem from the proposition that BFG was not entitled to send the April Letters, a matter determined in the other proceeding. This claim is a clear attempt to collaterally attack the holdings in the BFG Suit, by arguing that the representations made by Defendants in that proceeding were fraudulent. Because the Judiciary Law § 487 claim seeks to collaterally attack the decisions in the BFG Suit based on alleged attorney misconduct, the proper place to bring that claim is in that proceeding and it should be dismissed here.

The Judiciary Law claim fails for another reason. Relief under this provision "is not to be lightly given", it requires "a showing of egregious conduct or a chronic and extreme pattern of

**659427/2024   THE AVANZA GROUP, LLC vs. GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP ET AL
Motion No.  001**                                              **Page 8 of 10**

[* 8]                                    8 of 10

behavior" by the accused attorneys, and "the claim will be dismissed if the allegations as to scienter are conclusory and factually insufficient." *Facebook, Inc. v. DLA Piper LLP*, 134 A.D.3d 610, 615 [1st Dept. 2015]. Plaintiff's allegations about improper behavior by Defendants largely boils down to conflicting contractual interpretation and many of the allegations going to scienter are conclusory. The allegations here do not support a Judiciary Law § 487 claim. *See Tickermaster Corp. v. Lidsky*, 245 A.D.2d 142, 143 [1st Dept. 1997] (holding that "assertation[s] of unfounded allegations in a pleading, even if made for improper purposes, does not provide a basis for liability under Judiciary Law § 487"); *see also Seldon v. Lewis Brisbois Bisgaard & Smith LLP*, 116 A.D.3d 490, 491 [1st Dept. 2014].

*Discovery Is Not Warranted*

Plaintiff briefly requests that if the Court considers that this is a SLAPP suit and they have not met their burden on showing a substantial basis, that they be permitted to use the discovery mechanism in CPLR § 3211(g) to "present facts essential to justify its opposition." But the problem with this argument is that Plaintiff has failed to identify a specific disputed area of *material* fact, in which discovery would be needed to determine whether they have a substantial basis. As addressed above, the tortious interference cause of action fails to state a claim for numerous reasons, including that it rests on activity that a court has already deemed was validly taken. Discovery will not alter that fact. The Judiciary Law § 487 claim is not properly brought in this action as it seeks to collaterally attack decision made in the other proceeding and therefore should have been brought there. No proposed discovery would alter this. Finally, Defendants ask for sanctions against Plaintiff and their counsel for bringing this action, which the Court declines to grant. The Court has considered the Plaintiff's other arguments and found them unavailing. Accordingly, it is hereby

**659427/2024   THE AVANZA GROUP, LLC vs. GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP ET AL
Motion No.  001**

**Page 9 of 10**

9 of 10

ADJUDGED that the motion to dismiss is granted; and it is further

ORDERED that the complaint is dismissed in its entirety; and it is further

ORDERED that an assessment of damages against plaintiff for attorneys' fees is directed; and it is further

ORDERED that a copy of this order with notice of entry be served by the movant upon the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who is directed, upon the filing of a note of issue and a certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

20250613091931LFRANK8CCDA79952E24C5DB476A9F92103C9CA

| | |
|---|---|
| **6/13/2025** | **LYLE E. FRANK, J.S.C.** |
| **DATE** | |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

659427/2024   THE AVANZA GROUP, LLC vs. GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP ET AL
Motion No.  001

Page 10 of 10

10 of 10

[* 10]